### THE TERRITORY OF KANSAS AGT. CHARLES FREEMAN

*Indictment : Dram Shop : Venue.*

1. An indictment as follows : "Second Judicial District, Territory of Kansas.—The grand jurors, summoned, impanneled and sworn and charged to inquire in and for the body of the Second Judicial District of the territory of Kansas, upon their oaths, present: That one Charles Freeman, late of Douglas county, in the district and territory aforesaid, on the first day of January, in the year of our Lord one thousand eight hundred and fifty-eight, in the district aforesaid, did sell spirituous liquors, without taking out and having a license as 'grocer,' dram-shop keeper or tavern keeper, contrary to the statute in such cases made and provided, and against the peace and dignity of the territory of Kansas," is bad, because it does not lay the venue in any county in said second judicial district.

APPEAL from the District Court of the Second Judicial District in and for Douglas County.

*By the Court*—WILLIAMS, J.

At the March term of the district court, held at Lecompton, in the county of Douglas, in the second judicial district, on the eighth day of March, 1858, Charles Freeman was indicted, tried and convicted for selling spirituous liquors without having procured a license, as required by the statute. The indictment found by the grand jury, upon which he was tried and convicted, is as follows: "Second Judicial District of the Territory of Kansas.—The grand jurors,

summoned, impanneled and sworn, and charged to inquire in and for the body of the second judicial district of the territory of Kansas, upon their oaths, present: That one Charles Freeman, late of Douglas county, in the district and territory aforesaid, on the first day of January, in the year of our Lord one thousand eight hundred and fifty-eight, in the district aforesaid, did sell spirituous liquors, without taking out and having a license as 'grocer,' dram-shop keeper or tavern keeper, contrary to the statute in such cases made and provided, and against the peace and dignity of the territory of Kansas."

Being before this court on appeal from the judgment of the district court, several points of error in the proceedings of the court below were assigned by the counsel for the appellant, upon which a reversal of the judgment was sought. We will consider one of them only, as it appears of record in the case, and therefore is properly before this court for adjudication, viz.: "The indictment is bad, because there is no venue of the offense laid therein."

There is no principle of criminal pleading better established by the courts than this: That an indictment in a criminal prosecution must set forth, with certainty, the place where the offense charged was committed. This is indispensable to establish the jurisdiction of court before which the proceeding is instituted, and also to inform the accused person of the particular offense upon which he is charged and presented for trial. Before a court can legally try, convict and punish, it must possess the jurisdictional

power of legal cognizance of the subject matter of the offense charged, of the place where it is alleged to have been committed, and of the person accused. It is also requisite that the venue be clearly and specially set forth in the indictment, in respect to the security of the accused person; otherwise, he would be liable to several prosecutions for the same offense; and, moreover, without being specially informed of this, he could not be prepared to defend. It is the right of a person accused of crime to be informed of the particular accusation made by the prosecution against him, so that he may be enabled to answer to it fully

The indictment in this case is clearly defective. It charges that the offense was committed "in the second judicial district of the territory of Kansas," without naming any county of the district, or any place in the district. The district is composed of some eight or more counties, each of them having separate jurisdictional limits within its own boundaries, or were, at the time of the finding of this indictment, attached to some of the organized counties for judicial purposes. In which of these was this offense committed?

The indictment contains nothing to enable us to answer this question. A trial and judgment in this case, on the allegations of this indictment would be no bar to another prosecution for the same offense.

There is another view of this matter, as affected by the peculiar provisions of the statute upon which this prosecution is founded. The statute on the

subject of drâm-shops, groceries and taverns is as follows :

"Sec. 1. A special election is hereby ordered, to be held on the first Monday of October, in the year of 1855, and on the first Monday of October every two years thereafter, *in each municipal township,* in every county in the territory, and in each incorporated city or town in the territory, to take the vote of the people upon the question, whether dram-shops and tavern licenses shall be issued in the said township, incorporated city or town, for the next two years thereafter." Statutes of Kansas Territory, 1855, chap. 64, sec. 1, page 322.

Section 3, of the same chapter, provides that, "at such election the qualified voters of the township, incorporated city or town, shall be allowed to vote in such township, incorporated city or town, and not elsewhere."

Section 4, same act, provides that "if a majority of such township, incorporated city or town shall vote in favor of dram-shops in said township, city or town, then the county tribunal may grant license to keep dram-shops in such township, incorporated city or town as shall have so voted, for the term of two years," etc.

Here is a statute providing that any township, incorporated city or town, within any of the counties of this territory, may, by compliance with the requirement thereof, adopt the license system for the sale of spirituous liquors, whilst other townships in the same county might refuse to do so. This being the

peculiar provisions of the law regulating this matter, and that after which this prosecution is instituted, it is clear that the venue should have been laid with greater and stricter particularity than in ordinary cases. The second district contains many counties, and each of those counties several township organizations. To charge that the offense was committed in the second judicial district of Kansas is too general and indefinite. It is true that, on the subject of indictments and criminal procedure, the provisions of the statute are very liberal; but we are not prepared to extend that liberality, by judicial construction, so far as to dispense with a principle of criminal pleading of such vital importance in the administration of justice as that involved here.

ORDER.—The proceedings and judgment of the district court are reversed, with costs.