## FLETCHER FIELD v. THE STATE.

1. The plea of not guilty in a criminal cause puts in issue the question whether the offense was committed within the county where the indictment was found; and if the State fails to prove that it was committed within the county, a verdict of guilty is not sustained by the evidence nor authorized by the law. The case of Myers v. The State, decided at the last term of this court, is overruled in so far as it sanctions a contrary doctrine.

2. The opinions expressed in the case of Myers v. The State, just referred to, on the subject of the venue of the offense, and of the necessity for a special plea under oath in order to put the venue in issue, were not called for in the disposition of that cause; and they are therefore to be regarded as *obiter dicta*.

3. It is one of the fundamental principles of the criminal law of this State that innocence is presumed until guilt is proved; and, therefore, in all prosecutions the State must not only prove every act necessary to constitute the offense, but also that those acts were perpetrated within the jurisdiction of the State and of the court trying the cause; and in default of such proof, no violation of the laws of this State can be established.

4. The only logical construction imputable to those provisions of our Criminal Code contained in articles 2863, 2864 and 3105, Paschal's Digest, is that no person shall be convicted of crime prosecuted by indictment, unless that indictment charges the offense to have been committed within

the jurisdiction of the court where the indictment was presented, and that the proof on the trial must sustain this charge in the indictment, or otherwise the presumption of innocence must prevail.

5. Under our statutes a defendant charged with crime is not compelled to plead at all, nor to make any defense, and yet the State must prove every material allegation constituting the offense charged ; and although the code designates several grounds of defense available to the accused by motion, exception, or special plea, and among such grounds is the want of jurisdiction in the court to try the cause, yet it is believed to be the duty of the court to give to the accused the benefit of such defenses, though not pleaded, whenever the testimony upon the trial shows that he was entitled to maintain them.

6. Though the concluding clause of article 2951, Paschal's Digest, directs a special plea as the mode by which a defendant may allege " that the court before whom he is prosecuted has no jurisdiction to try the cause," yet this clause is to be understood as having reference to the power and authority of the court, and not to its territorial jurisdiction.

APPEAL from Dallas.    Tried below before the Hon. A. B. Norton.

The indictment was for the theft of a mule.    The defendant applied for a continuance, which being refused by the court he refused to plead or announce for trial; whereupon a plea of not guilty was entered for him by order of the court, and the trial progressed.    The jury found him guilty and assessed his punishment at fifteen years in the penitentiary.    His motion for a new trial was overruled, and he had sentence in accordance with the verdict. The question of venue was not mooted in the court below, in any form; but the statement of facts contains no indication of the place or county where the offense was committed.

*Donley & Henry,* and *E. P. Anderson,* for the appellant.

No brief for the State has reached the hands of the Reporter.

OGDEN, J.—The appellant in this case was indicted in the district court for the theft of a mule, and was tried, convicted and

sentenced to fifteen years confinement in the penitentiary. On the trial of the case the State wholly failed to prove the venue of the offense. It was not shown by the evidence that the animal was taken from the county of Dallas, or that the animal charged to have been stolen, or the defendant, was ever in the county of Dallas, or the State of Texas, until the defendant was brought there for trial. For this defect in the proof the verdict of the jury was not authorized by law, and the court erred in not granting him a new trial. We are aware that a different opinion of the law was given in the case of Robert C. Myers, *et al.*, v. The State, decided at the last term of this court, in which it was said that " if a party intends to avail himself of the want of the local or territorial jurisdiction of the court, he must do it by a special plea, under oath, at the time of the trial." It may be observed that this proposition of law, as laid down by the learned judge who delivered the opinion in that case, was not necessary for the disposition of that case, as it was then held that the venue of the offense had been established by the proof, and the jurisdiction of the court made certain. It is therefore believed that the enunciation, as law, that the State was not bound to prove the venue of the offense in order to support a conviction, unless the defendant had plead the want of jurisdiction under oath, was made without that due consideration which usually characterized the opinions of that able judge. But we cannot concur in the construction of a statute which would deprive a party, charged with an offense, of any just and reasonable defense, unless that statute is positive and unequivocal, and admits of no other construction. It is one of the fundamental principles of the criminal law of our State that innocence is presumed until guilt is proven, and therefore, in all prosecutions, the State must prove every act necessary to constitute the offense, and, also, that those acts were perpetrated within the jurisdiction of the State and court trying the case, or it will fail to prove a violation of law. An act committed in another

State or country is no offense under our law, and a prosecution which fails to prove the jurisdiction fails to prove a violation of the laws. The Massachusetts bill of rights declares that "in criminal prosecutions the verification of facts, in the vicinity where they happen, is one of the greatest securities of the life, liberty and property of the citizen;" and we are not willing to believe that our Legislature intended to obstruct or embarrass the administration of justice by making it possible that a defendant may be tried and punished in one part of the State for an offense alleged to have been committed hundreds of miles off, or alleged to have been committed in one place, and proven to have been committed in another, unless he or his counsel were fortunate enough to file a plea to the jurisdiction of the court trying him, at the proper stage of his trial. On the contrary, we think the statute in relation to the trial of persons, charged with an offense, may be legitimately construed so as to harmonize with the principle of equity and justice to all.

Article 2863, Paschal's Digest, in defining what is necessary to constitute a good indictment, reads as follows: "It must show that the place where the offense was committed is within the jurisdiction of the court in which the indictment is presented." And article 2864 says: "It is not necessary to state in an indictment anything which it is not necessary to prove;" while article 3105 declares "that a defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence." The only logical construction of these clauses of the statute is that no person shall be convicted of crime prosecuted by indictment, unless that indictment charges the offense to have been committed within the jurisdiction of the court where the indictment was presented; and that on the trial the offense must be proven to have been committed within the jurisdiction as charged, or the defendant must be presumed to be innocent. Under our statute a defendant is not compelled to plead at all, nor make any defense, and yet the State

must prove every material allegation constituting the offense. It is true that the statute gives a defendant several grounds of defense, of which he may avail himself, by motion, exceptions or plea, according to the nature of his defense. Among these are special pleas of former acquittal or conviction, or that the *court* before whom he is prosecuted has no jurisdiction to try the cause. These special pleas must be sworn to, or the court will not regard them; and yet it is believed to be the duty of the court in all cases, whenever in the course of the trial it becomes evident from the testimony that the defendant is entitled to either of the grounds of defense that might have been specially pleaded, to give him the benefit of that defense, though not pleaded by him at all. We are also of the opinion that the grounds of defense last specified by the statute, which must be specially pleaded, namely, " that the court before whom he is prosecuted has no jurisdiction to try the cause," has especial reference to the power and authority of the court, and not to the local or territorial jurisdiction, and more particularly since the general plea of not guilty puts in issue every material fact constituting the offense charged, including the local jurisdiction of the court. (Bishop's Cr. Prac., 468; Chitty's Cr. L., 438; and Wheaton's Am. Cr. L., 538.) And especially where, as in this case, the indictment is specific in charging the jurisdiction and the venue of the offense, the defendant had no ground for pleading to the jurisdiction until the trial had closed and the State had failed to prove the venue.

We think there was error in the judgment of the court below, and that the defendant is entitled to a new trial. The judgment is therefore reversed and the cause remanded.

Reversed and remanded.