## CATHERINE MANION vs. PETER FLYNN.

Upon a bastardy complaint, brought by the mother of the bastard child, the jury rendered a verdict against the defendant, who moved in arrest of judgment on the ground that one of the jurors was disqualified by relationship to a tax-payer of the town of D, to which the mother belonged. It appeared that she had no means of supporting the child, which would in consequence become chargeable to D unless the defendant was compelled to maintain it. One of the selectmen of the town had also given bond for prosecution in the suit, expecting the town to indemnify him, though the town had not in fact undertaken to do so or to carry on the suit. Held—1. That the town could not be regarded as legally interested in the suit. 2. That if the town was interested, it was necessary for the defendant to show affirmatively that he had no knowledge of the relationship before the verdict.

BASTARDY COMPLAINT. The defendant was bound over by a justice of the peace to the Court of Common Pleas of Fairfield County, and the case tried in that court to the jury on the plea of not guilty, before *Brewster, J.* After a verdict against him the defendant moved in arrest of judgment on the ground that the town of Danbury, to which the complainant belonged, and to which her child was liable to become chargeable as a pauper, was interested in sustaining the complaint, and that Stebbins Baxter, one of the jurors, was the father-in-law of Elmer Smith, who was a tax-payer of the town, the motion alleging that the relationship was not known to the defendant or his counsel until after the verdict. The motion also alleged that Erastus Stevens, a selectman of the town, had given bond for the prosecution upon the responsibility of the town, creating a further interest in the town.

Upon the hearing the court found the following facts, and made the finding a part of the record.

Stebbins Baxter, the foreman of the jury, was at the time of the trial the father-in-law of one Elmer Smith. Smith was an inhabitant of the town of Danbury, and a tax-payer to the amount annually of about $4. The complainant is now and has been for several years a resident of the town of Danbury, which town will become chargeable with the support of the bastard child and for its future maintenance, unless the reputed father is rendered liable for such support, as the com-

plainant is without means, although up to the present time unassisted by the town.

The suit was brought by, and in the name of, the mother of the child, and was taken up and carried on by her counsel on their own responsibility, and without the advice of or any consultation with the authorities of the town of Danbury, except that her counsel requested the selectmen to give bonds for the prosecution of the suit. The mother at no time neglected to bring forward her suit, and the town never instituted any proceedings in the matter, or took up or pursued the same as by statute provided in cases where the mother of a bastard child neglects to bring forward her suit for maintenance. The complainant's counsel charged no fees to the town and had no expectation of receiving any compensation from the town, and there was no understanding or expectation on the part of the complainant or her counsel that the town was to take up the case or assume or control it in any way.

In the Court of Common Pleas, before the trial of the cause, the court ordered bonds of prosecution to be furnished by the complainant. In compliance with the order Erastus Stevens, first selectman of the town of Danbury, mistakenly supposing from what he had learned from another selectman that the town had taken up and assumed the case, came to the clerk's desk to give bond as selectman and acting in behalf of the town. He then ascertained that the town had not assumed the case, but that it was still pursued in the name of the complainant, and he thereupon gave his bond individually in his own name, but in the belief that in so doing he was discharging his duty as first selectman of the town, and serving the interest of the town alone, and that if he became personally subjected on the bond the town would fully indemnify him. Stevens had no interest in or feeling about the suit except as such bondsman and such selectman, and as being an inhabitant and tax-payer in the town of Danbury. Stevens paid the officer's fees for the service of the complaint, and for the service of the complainant's subpœna for witnesses at the justice trial, before giving the bond, and did so officially as selectman, and considered the payment as made

in behalf of the town. The payment was unknown to the complainant or her counsel. The town has never disavowed any of the acts of Stevens, or taken any action concerning the same.

Upon these facts the court overruled the motion in arrest, and rendered judgment upon the verdict. The defendant brought the record before this court by a motion in error.

*Sanford*, for the plaintiff in error.

*White*, for the defendant in error.

PARK J. The town of Danbury was not a party to this proceeding, and was not interested in the result of it, except in a certain contingency, which contingency exists to a greater or less extent in relation to every inhabitant of the town.

It makes no difference in the case that the first selectman of the town gave bonds for prosecution under the belief that the town was prosecuting the suit, when in fact such was not the case.

And even if the town was interested in the result, it does not appear that the defendant was not aware of the relationship of which he complains, before the jury returned their verdict, in which case there would be no cause for complaint. His want of knowledge is not found. He is bound to show affirmatively that he was ignorant of the fact; that he did not voluntarily take the chances of a favorable verdict with the secret intention of setting it aside should it prove unfavorable to him.

We think the defendant has failed to show any cause for his motion in arrest of judgment.

There is no error in the judgment complained of.

In this opinion the other judges concurred.