The opinion of the court was delivered by
Brewer, J.:
juro^nefv4 trial denied. Appellant was convicted in the district court of Brown county, under §1, ch. 72, Laws of 1874, (Comp. Laws of 1879, p. 367,) of the offense of selling and disposing of mortgaged personal property, with the intent of defrauding the mortgagee thereof; and from such conviction he appeals to this court. Various errors are alleged, but many of them we think are without foundation, and require only a brief notice. Among them may be mentioned the following: It is insisted that á new trial should have been granted, because from the affidavits filed on the motion, it appears that one of the jurors had not been a resident of the state for six months^ and was not therefore an elector or a qualified juror; but it does not appear that any questions were put to the juror on a preliminary examination, or any effort made to ascertain his residence or qualifications, or any statements dr representations made by him with reference to such residence or qualifications, or any imposition practiced upon the defendant; or even that defendant’s counsel was not fully informed as to his non-residence and disqualification. It simply appears that the juror was accepted and sworn without being challenged. Under those circumstances we do not think a trial is vitiated, although it subse- ‘ , , quently appears that a single juror was under age, or had failed to reside in the state long enough to become an elector. (Rex v. Sutton, 8 Barn. & Cress. 417; Costly v. The State, 19 Ga. 614; Lisle v. The State, 6 Mo. 426; Chase v. The People, 40 Ill. 355.)
*310 2 Amended com-5i?oó%otial err01' *309 Again, the case was commenced before a justice of the peace, under a complaint duly verified. This complaint charged that *310 “I. N. Speers and Company” was the party intended to be defrauded. While the case was pending before the justice, the words “and Company” were stricken out from the complaint, on motion of the county attorney, and the case proceeded to trial upon the complaint thus amended, and without any reverification. After the conviction, the defendant appealed to the district court, and the case went to trial. After the jury was impanneled, a new and amended complaint, properly verified, was, by leave of the court, filed. It is insisted that this was erroneous; that there was at the commencement of the trial in the district court no verified complaint on file, and that therefore there was no valid proceeding pending against defendant, nothing which could be amended, and that the court had no power to permit the filing of a new anc^ verified complaint. In this, counsel is mistaken. There was a prosecution pending against the defendant, a complaint filed whether defective or not; and if defective, the court had the power to permit the filing of a new and perfect complaint at any stage of the proceedings. (Comp. Laws 1879, ch. 83, § 22.) The fact that an amendment was made before a justice of the peace did not exhaust the power of the justice or that of the district court in the matter of amendment, or the power of the latter to permit the substitution of a new and perfect complaint in lieu of one insufficient and defective. Whatever rights of continuance or otherwise the defendant might have had upon the filing of the amended complaint, such rights did not affect the power of the court in respect to the filing of such new complaint. As no continuance was asked, we see no error in the ruling of the district court in this matter.
Again, it is urged that the amended complaint should have been quashed, on the ground that it charged a series of crimes instead of one distinct and separate offense. This objection also is without foundation. It alleges that defendant executed a mortgage, and that, with intent to defraud the mortgagee or his assigns, he proceeded to sell and dispose of the mortgaged property, as follows; and then it sets out in detail *311 the disposition of the various articles of property to different persons. Now it is insisted that each separate sale or disposition of any single article of property was a separate and eom- . píete offense, and that therefore several offenses were improperly joined. This is a mistake. There was only one mortgage set forth, and the various acts of the defendant in selling and disposing of the property were grouped together in order to show that the defendant’s action in respect to the mortgaged property was with intent to defraud the mortgagee.' The offense is, the disposition of the mortgaged property with the intent to injure; and it is proper, if not necessary, in order to show such intent, to set out the mortgagor’s action with respect to all the mortgaged property. We do not mean to decide that the mortgagor may not dispose of even one of several articles mortgaged with the intent to injure and defraud, or that a •complaint would be defective if it failed- to show what disposition had been made of all the property; but we do hold that, where but a single mortgage is shown, although including several articles of property, it is proper in the one complaint to set out the disposition made by the mortgagor of each separate article, and then to charge that, by such disposition, the mortgagor intended to injure or defraud; and that, in so charging, but a single offense is charged.
3i i™a“'improper on 1 ‘ ' Again, it is objected that the amended complaint upon which the case was tried is fatally defective in failing to allege that the offense was committed within the county of Brown and within the jurisdiction of the court trying the offense. This objection we think must be sustained. The complaint is entitled u State of Kansas, County of Brown,” but this only describes the place in which the prosecution is had, and does not of itself and without any words of reference thereto in the body •of the complaint, locate the place at which the acts complained of were done. It states that on a certain date the •defendant executed a chattel mortgage on certain specified property, which mortgage upon- the same date was filed for record; but it does not allege where this mortgage, was exe *312 cuted, or where filed. The mortgage included certain animals and some growing crops. While the land upon which the growing crops stood was described as in Brown county, there was nothing to show that the animals were ever within said county, or even' within the state. The complaint then proceeds to charge the various sales and dispositions of the mortgaged property, but fails to state where they were made. The nearest approach to any statement of the venue is, that the defendant gathered the crops growing on the lands named. It alleges that he mixed and confused the crops when gathered with'other crops grown by him, and thereafter consumed, destroyed and disposed of them; but it does not allege that this mixing and confusion or that any sale or disposition was made within the limits of Brown county, or even within the limits of the state of Kansas. So that, taking the complaint through the whole matter of venue stated, in that the defendant mortgaged crops growing on certain lands in Brown county and gathered those crops, it nowhere appears directly or indirectly that he did any other act in reference to the mortgage or the mortgaged property within the limits of Brown county, or even within the limits of the state. The attention of the court was called to this specific defect before the case went to thejury,butno amendment was made to remedy it. After the verdict was returned, a motion in arrest of judgment on the same ground was made and overruled. A motion for a new trial, in which the same matter was called to the attention of the court, was also made and overruled, and judgment was entered upon the verdict. There can be no question but that the complaint is defective; for all th.at it discloses, every wrongful act of the defendant, may have been committed in a different state; and of course if so committed, the district court could have had no jurisdiction to try and punish therefor. Now whether, after verdict, the defect is one which can be considered in a motion for an arrest of judgment, we need not stop to consider, for here pending the trial, and before the case had gone to the jury, the attention of the court was called to the defect; and although the point does not seem to have *313 been made immediately after the filing of the amended complaint, and although a motion to set such complaint aside was then filed, based upon several grounds,- not including the present objection, (which motion was properly overruled,) we do not think the party was thereby precluded from raising the objection at any time before the case was submitted to the jury. It is probable, too, that the court might, even after the testimony was all finished, have permitted an amendment of the complaint, so as to remedy this defect; but no amendment ■ was made, none was asked, and the case was sent to the jury upon the complaint as it stood. In this was error, and for this error the judgment must be reversed, and the case remanded for a new trial. See the following authorities: Mau-Zau-Mau-Ne-Kah v. The United States, 1 Pinney (Wis.) 124; People v. Gregory, 30 Mich. 371; Territory v. Freeman, McCahon, 56; State v. Slack, 30 Tex. 354; Field v. The State, 34 Tex. 39; McBride v. The State, 10 Humph. (Tenn.) 615; Wicksham v. The State, 7 Coldw. (Tenn.) 525.
Counsel also criticise the instructions. We have examined them, but see no error. We do not understand their import to be as counsel claims. They do not, as we understand them, deny the right of a party to place a second chattel mortgage on property belonging to him; they simply assert that one who has given a chattel mortgage on property may not thereafter conceal, sell, or otherwise dispose of such property with the intent to injure and defraud the mortgagee, and that the manner of such subsequent disposition and the effect of such disposition on the rights of the mortgagee are to be considered in determining with what intent the disposition was made, and that a party must be presumed to have intended what is the natural result and effect of his actions. The court commented, and we think properly, upon what actions tend to indicate a fraudulent, and what the absence of any fraudulent intent. We see no reason to criticise or condemn these instructions; but for the error heretofore mentioned, the judgment must be reversed, and the case remanded for a new trial.