FAVILLE ET AL. v. SHEHAN ET AL.

| 68 | 241 |
| 103 | 717 |
| 68 | 241 |
| 115 | 438 |

1. **Sale of Corporation Stock**: FALSE REPRESENTATIONS: PRESUMPTION OF INNOCENCE. In a common-law action for damages on account of false representations inducing the purchase of corporation stock, where the defendants are alleged to be officers of the corporation, *held* that the presumption of innocence which obtains in criminal and penal cases does not obtain in defendants' favor, and that a preponderance of the evidence is all that is required to justify a recovery.

2. **Jury**: DISQUALIFICATION OF JUROR: WAIVER BY FAILURE TO EXAMINE. Where a party in a civil case, in the absence of concealment or fraud on the part of his adversary, accepts a juror, without examination as to his qualifications, he waives objections on account of want of qualifications discovered afterwards. The rule in criminal cases is different. See cases cited in opinion.

3. **Practice in Supreme Court:** ERRORS NOT ASSIGNED NOT CONSID-
ERED.

*Appeal from Mitchell District Court.*

MONDAY, DECEMBER 21.

ACTION to recover for false and fraudulent representations made by defendants, inducing plaintiffs to purchase certain stock of the Mitchell County Creamery. There was a judg- ment upon a verdict against Daniel Shehan, who appeals to this court.

*J. H. Sweney,* for appellant.

*W. S. Eaton,* and *L. M. Ryce,* for appellee.

BECK, CH. J.—I. The petition alleges that defendants, to induce plaintiffs to purchase certain stock of a corporation called the "Mitchell County Creamery," repre- sented that the corporation was without debt, and the stock was valuable, when in truth the corpor- ation was indebted in a large sum; that the plaintiffs, relying upon these false representations, which were made for the purpose of deceiving them, purchased and paid for the stock. It is alleged that one of the defendants is the president and the other the secretary of the corpora- tion.

1. SALE of cor- poration stock: false representa- tions: pre- sumption of innocence.

II. The district court instructed the jury that the bur- den rested upon the plaintiffs to prove, by a preponderance of evidence, the allegations of the petition. The defendants ask the court to direct the jury that, in determining whether the representations were intentionally made, they must con- sider the presumption of defendants' innocence; and, to authorize a verdict against defendants, the evidence for the plaintiffs must not only overcome all evidence introduced against them, but also the presumption of defendants' inno-

cence. This instruction was refused. These rulings by the court upon the instructions are now made the subject of complaint.

III. Counsel for defendants maintain that the action is brought upon Code, § 1071, which provides that intentional frauds in deceiving the public or individuals in relation to the means or liabilities of corporations shall be punished by fine and imprisonment, and any one suffering injury from such frauds may recover damages against those guilty thereof; and that, as recovery is sought under this penal statute, the rule of presumption as to innocence prevailing in criminal and penal cases must obtain in this case. Right here is counsel's mistake. The action is not brought under the statute, and does not purport to be. There is nothing in the petition showing any such purpose of the pleader drawing it. It alleges that defendants are officers of the corporation. But this allegation may be regarded as showing the intentional misrepresentations of defendants. They would be presumed, as officers, to know whether the corporation was or was not indebted. The case presented by the petition is simply one to recover for false and fraudulent representations, inducing the purchase of the stock,—a cause of action at common law. In this view of the case the court correctly instructed the jury.

IV. There may have been questions as to the misjoinder of defendants, but they are not before us upon this appeal.

V. One of the jurors trying the cause was not a resident of the state. A motion to set aside the verdict on that ground was overruled. Neither party knew that the juror was not an elector of the state, and he was not examined upon this point as to his qualifications. We think the rule is well settled that, when a party in a civil case accepts a juror without examination as to his qualifications, he waives objections on account of want of qualifications of the juror discovered afterwards. Of course, concealment or fraud of the other

2. JURY: disqualification of juror: waiver by failure to examine.

party inducing the acceptance of the juror would take a case out of the rule. A different rule applicable to criminal cases was recognized in *State v. Groome*, 10 Iowa, 308. We are not disposed to extend the doctrine of that decision to civil cases. In support of the conclusions we have announced, see the following cases: *Rockwell v. Elderkin*, 19 Wis., 388; *Wilcox v. Saunders*, 4 Neb., 569; *Wassum v. Feeney*, 121 Mass., 93; *Watts v. Ruth*, 30 Ohio St., 23; *State v. Hinkle*, 27 Kan., 308; *Croy v. State* 32 Ind., 384; *Meeks v. State*, 57 Ga., 329; *State v. Powers*, 10 Or., 145; *McDonald v. Beall*, 55 Ga., 288; *Jameson v. Androscoggin R'y Co.*, 52 Me., 412; *Manion v. Flynn*, 39 Conn., 330. Other cases in harmony with these could also be cited.

VI. Counsel for the defendants complain that the circuit court overruled a motion by defendants for separate trials. 3. PRACTICE in supreme court: errors not assigned not consider-ed. But this ruling is not assigned as error. It cannot, therefore, be considered upon this appeal. The foregoing discussion disposes of all questions in the case. The judgment of the circuit court is

· AFFIRMED.