No. 32,693

THE STATE OF KANSAS, *Appellant,* v. DALE LUCAS, *Appellee.*

(53 P. 2d 480)

Opinion filed January 25, 1936.

*Clarence V. Beck,* attorney general, *Earl B. Swarner,* assistant attorney general, and *Merle Loughridge,* county attorney, for the appellant.

*John K. Bowman,* of Garnett, and *H. M. Funston,* of Ottawa, for the appellee.

The opinion of the court was delivered by

SMITH, J.: In this action the defendant was convicted of robbery in the first degree. After verdict of guilty the trial court sustained the defendant's motion in arrest of judgment. The state appeals.

The ground upon which the trial court sustained the motion in arrest of judgment was that the information did not sufficiently allege the venue of the offense so as to confer jurisdiction on the court. The information was in the following form:

"In the District Court of Anderson County, Kansas

State of Kansas, Plaintiff,
    v.    No. 1,180
Dale Lucas, Defendant.

INFORMATION

State of Kansas, Anderson County, ss.

I, the undersigned county attorney of said county, in the name, by the authority, and on behalf of the state of Kansas, give information—

That on or about January 1, A. D., 1935, one Dale Lucas did then and there unlawfully, feloniously, forcibly and violently, against the will of F. T. Craig, and in the presence and from the person of F. T. Craig, take, steal, rob and carry away thirteen gallons of gasoline of the value of two dollars and two cents, and five dollars in currency, consisting of five one-dollar silver certificates

and three dollars in silver coins consisting of half-dollar silver pieces and quarter-dollar silver pieces, lawful money of the United States, a more particular description of which this affiant is unable to give, property of said F. T. Craig; by putting then and there the said F. T. Craig in fear of some immediate injury to his person then and there with the intent unlawfully, feloniously, forcibly and violently, to permanently deprive him, the said F. T. Craig, of his property aforeindescribed, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Kansas.      Merle Loughridge, County Attorney.

VERIFICATION

State of Kansas, Anderson County, ss.

I do solemnly swear that I am the county attorney in and for the county of Anderson, state of Kansas. That the allegations set forth in the foregoing information are true and correct according to the best of my information and belief. So help me God.      Merle Loughridge, County Attorney.

Subscribed and sworn to before me this 27th day of February, 1935.

(Seal.)      Erma Miller, Clerk of the Dist. Court."

The argument of appellee is that somewhere in the body of the information it should have recited that the alleged offense happened in Anderson county.

The reason for alleging in an information that an offense was committed in a certain place is an ancient one. At common law the word venue "signified the narrow neighborhood from which the jurors, as witnesses of the fact in issue, . . . must come for the trial of an action in the king's court." (67 C. J. 11.)

This court has held that a defendant was entitled under the constitution to be tried in the county where the offense is alleged to have been committed. (See *In re Oberst*, 133 Kan. 364, 299 Pac. 959.)

The place where the crime was committed must be alleged in the information or the rule laid down in the above case would be meaningless. There is no rule that it must be alleged in any particular language, however. The question we have is, Was the defendant able to learn from reading the information on file against him that he was charged with committing a crime in Anderson county? In order to determine this we will examine the information. The first words in the information are these: "In the District Court of Anderson County." Defendant argues that these words are not any part of the charging portion of the information, but simply the title of the court where the prosecution was brought. The term is more than that, however, when considered in connection with what follows.

The next words of interest to us are "State of Kansas, Anderson County, ss." Here again the name of Anderson county appears. But there is more than that. The words "Anderson county" are followed by the letters "ss." Those letters mean "scilicet." The use of this word in legal documents is to particularize and point out the application of what follows to what has gone before. (See Bouvier's Law Dictionary, 3013.) The next words we see then are "I, the undersigned, county attorney of said county." When read in connection with the words that just precede, these words mean "I, the undersigned, county attorney of Anderson county." The next words explain the power and authority of the county attorney; that is, they explain that the county attorney is the proper officer to commence prosecution. The next words give the date when the offense is alleged to have been committed. Then follows the words "One Dale Lucas did then and there." This means the date just given in the information and "there" refers back to the words "State of Kansas, Anderson County, ss." When thus read it does not appear that there was any further necessity for describing or setting out the place where the offense was charged to have been committed. This was the rule followed in *Guy v. State,* 1 Kan. 448. That case held that where the name of the county was given in the margin of the information it was not required to be mentioned in the body thereof. To the same effect is the holding of this court in *State v. Stiff,* 117 Kan. 243, 234 Pac. 700. The information was substantially the same as the one we have here as far as giving the venue is concerned. When its sufficiency was challenged this court said:

"The information, after stating the court in which it was filed and that the county attorney was the county attorney of Cowley county, alleged that the defendant 'then and there' did the things charged. The information was then signed by the county attorney. The affidavit of the county attorney to the information was sworn to in Cowley county before the clerk of the district court. The defendant was not and could not have been misled by the information. It completely charged the offense, but it may be that it defectively stated where the offense had been committed. That defect, if it were a defect, was a very technical one. It did not violate any substantial right of the defendant. A valid judgment could have been pronounced upon conviction under the first information." (p. 249.)

To the same effect is *The State of Iowa v. Reid,* 20 Ia. 413; also, *The State v. S. A. L.,* 77 Wis. 467.

Defendant cites and relies on an opinion by this court in the case of *State v. Hinkle,* 27 Kan. 308. The complaint in that case

was about the same as the one we have here as far as charging the venue is concerned. The court held the complaint to be bad on that account. The case is distinguished from the case at bar, however. The offense in that case was that of selling and disposing of mortgaged personal property with the intent of defrauding the mortgagee thereon. The offense was one which required the performance of several distinct acts, any one of which could have been committed in a different county. What the holding of the court amounts to in that case is that the complaint be required to state in what county each act took place. We are not prepared to say that this court would reach the same conclusion reached in *State v. Hinkle*, supra, should that precise question be presented to us. We do not have that question. Suffice it to say that the passage of the years has not dealt kindly with technical questions of this sort.

The judgment of the trial court is reversed with directions to set aside the order sustaining the motion in arrest of judgment and proceed with the cause.