**Bobby ADAME, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 10–99–139–CR.

Court of Appeals of Texas, Waco.

Jan. 10, 2001.

G. Phillip Robertson, Robertson, L.L.P., Clifton, A. Lee Harris, Whitney, for appellant.

Dan V. Dent, Hill County Dist. Atty., Hillsboro, for appellee.

Before C.J., DAVIS, VANCE and GRAY, J.

## OPINION

DAVIS, Chief Justice.

A jury convicted Bobby Adame of aggravated robbery and, pursuant to a plea bargain, he was sentenced to twenty years' imprisonment. He claims in one point that the evidence is legally and factually insufficient to support the jury finding that the BB pistol used in the commission of the offense was a "deadly weapon."

### Background

The facts of this case are undisputed. Adame walked into a convenience store concealing a pistol under his sweatshirt. He approached the counter and briefly pointed the pistol at the attendant. He then put the pistol on the counter and attempted to assist the attendant in removing money from the cash register. The State produced evidence that this pistol could cause serious bodily injury. No evidence was introduced that the pistol was loaded or unloaded. There was also no evidence that Adame attempted or intended to use the pistol in any other manner.

### Standard of Review

We review a legal sufficiency challenge by considering the evidence in the light most favorable to the verdict and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Lacour v. State*, 8 S.W.3d 670, 671 (Tex.Crim.App.

2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). The factfinder is entitled to evaluate the credibility of witnesses and is entitled to believe all, some or none of the evidence presented. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex.Crim.App.1991). A jury verdict must stand unless it is found to be irrational or unsupported by some evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988) (*citing Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789).

When we review a factual sufficiency challenge, we view all evidence in a neutral light and reverse only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996); *Perkins v. State*, 19 S.W.3d 854, 856 (Tex.App.—Waco 2000, no pet. h.). When conducting a *Clewis* factual sufficiency analysis, we ask "whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury verdict." *Johnson*, 23 S.W.3d 1, 11 (citing *Mata v. State*, 939 S.W.2d 719, 729 (Tex.App.—Waco 1997, no pet.) (Vance, J., concurring)); *Perkins*, 19 S.W.3d at 856. This review must defer to the jury verdict so as to avoid an appellate court substituting its judgment for that of the jury. *See Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App.1997); *Clewis*, 922 S.W.2d at 133. We may find the evidence factually insufficient only where necessary to prevent manifest injustice. *Cain*, 958 S.W.2d at 407.

### Deadly Weapon

Texas Penal Code section 1.07(a)(17) defines a "deadly weapon" as: "(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX.PEN.CODE ANN. § 1.07(a)(17) (Vernon Supp.2000). Weapons included within section (A) are sometimes referred to as deadly weapons by "design," while those in section (B) are referred to as deadly weapons by "use." *Holder v. State*, 837 S.W.2d 802, 807 (Tex. App.—Austin 1992, pet. ref'd). The State alleges only that the BB pistol in this case was capable of causing death or serious bodily injury in the manner of its use or intended use.

The fact that a BB pistol is loaded or unloaded is significant in the deadly weapon analysis. The burden of proof is on the State to prove that the pistol was actually capable of causing death or serious bodily injury in the manner of its use or intended use. *Id.* In *Holder*, the evidence was found insufficient to show that a BB pistol was a deadly weapon, because no proof was introduced that the BB pistol, as used, was capable of causing death or serious bodily injury. *Id.; see also Mosley v. State*, 545 S.W.2d 144, 146 (Tex.Crim.App. 1976). However, an unloaded BB pistol has been held to be a deadly weapon by use under certain circumstances. *See Delgado v. State*, 986 S.W.2d 306, 308 (Tex. App.—Austin 1999, no pet.). In *Delgado*, the court held that the jury could infer that the pistol was loaded at the time of the offense because the defendant brandished the pistol, threatened to kill the victims and pointed the pistol at their heads. *Id.* The court stated that, based on the actions of the defendant, the evidence was legally sufficient to support the deadly weapon finding. *Id.*

The Court of Criminal Appeals recently held in *McCain* that "objects used to threaten deadly force are in fact deadly weapons." *McCain*, 22 S.W.3d 497, 503 (Tex.Crim.App.2000). The court stated that the key to a deadly weapon finding is whether the weapon is "capable," in the manner of its use or intended use, of causing death or serious bodily injury. *Id.*

Unlike the knife in *McCain*, a BB pistol is generally not "capable" of causing

death or serious bodily injury unless it is loaded. *See Holder*, 837 S.W.2d at 808–09. No evidence was adduced at trial that the BB pistol used in this case was loaded or unloaded. Also, there was no other evidence produced by the State that would allow the jury to infer that the BB pistol was loaded from the circumstances. *Cf. Delgado*, 986 S.W.2d at 308.

Considering all of the evidence in the light most favorable to the verdict we find that the evidence is legally insufficient to support the deadly weapon finding. We sustain point of error one.

▆▆▆▆ Robbery is a lesser-included offense of aggravated robbery. *Little v. State*, 659 S.W.2d 425, 425–26 (Tex.Crim. App.1983). Where the evidence is sufficient to support a lesser-included offense and the jury was instructed accordingly, an appellate court may modify the judgment to reflect conviction for that offense. *See Collier v. State*, 999 S.W.2d 779, 782 (Tex.Crim.App.1999); *Ross v. State*, 9 S.W.3d 878, 882 (Tex.App.—Austin 2000, pet. ref'd.).

▆▆▆▆ We have determined that the evidence in this case is legally insufficient to prove that Adame used a deadly weapon during the robbery. Thus, the evidence is legally insufficient to support his conviction for aggravated robbery. However, the evidence does establish all the elements of the lesser-included offense of robbery.

## Conclusion

Accordingly, we modify the judgment to reflect conviction of the lesser-included offense of robbery. We affirm the judgment of conviction as modified. *See Dusek v. State*, 978 S.W.2d 129, 137 (Tex.App.—Austin 1998, pet. ref'd.); *Lucero v. State*, 915 S.W.2d 612, 615 (Tex.App.—El Paso 1996, pet. ref'd); *Lockett v. State*, 874 S.W.2d 810, 818 (Tex.App.—Dallas 1994, pet. ref'd.). We reverse that portion of the judgment assessing punishment and remand this cause to the trial court for a new punishment hearing. *See Dickson v. State*, 986 S.W.2d 799, 806 (Tex.App.— Waco 1999, pet. ref'd.); *Dusek*, 978 S.W.2d at 137; *Lucero*, 915 S.W.2d at 615; *Lockett*, 874 S.W.2d at 818; Tex.Code Crim. Proc.Ann. art. 44.29(b) (Vernon Supp. 2000).

Justice GRAY dissenting.

GRAY, Justice, dissenting.

The State did not allege that the BB pistol was a deadly weapon by design. Maybe they should have, given the warnings that accompany these products. The indictment alleged that it was a deadly weapon because of the manner of its use or intended use. The defendant brandished the BB pistol at the early stage of the robbery and then concealed it under a shirt. The clear intent was a non-verbal threat that if the store clerk failed to comply, there would be serious consequences. The clerk testified to her fear upon display of the BB pistol. The BB pistol had its intended effect.

The majority holds that because there was no evidence that the BB pistol was loaded, there is legally insufficient evidence that the BB pistol was a deadly weapon. I disagree. The evidence referred to above would allow a reasonable juror to conclude that his threat, though implied, was not an idle threat. *See Delgado v. State* 986 S.W.2d 306, 309 (Tex. App.—Austin 1999, no pet.). After this case was submitted, the Court of Criminal Appeals held that carrying a butcher knife in a hip pocket during the commission of a robbery was sufficient to affirm the deadly weapon finding. *McCain v. State*, 22 S.W.3d 497, 503 (Tex.Crim.App.2000). The Court concluded that they agreed with the State that "... objects used to threaten deadly force are in fact deadly weapons." *Id.* The court held:

> For legal sufficiency purposes, the question is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original). Given the foregoing discussion, the mere carrying of a butcher knife during such a violent attack as occurred in the present case was legally sufficient for a factfinder to conclude that the "intended use" for the knife was that it be capable of causing death or serious bodily injury. Hence, the evidence was legally sufficient to show that the butcher knife was a deadly weapon under the circumstances.

*Id.*

I believe the majority has failed to properly apply *McCain*. I would hold that the evidence was legally sufficient to uphold the finding that a deadly weapon was used in the commission of the offense. Because the majority does not, I respectfully dissent.