TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-01-00398-CV







In the Matter of M. C.








 

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-20,837, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING








 Appellant, while riding as a passenger in a vehicle, pointed a BB gun at an off-duty,
plain-clothed law enforcement officer, shouted an explicative, and drove away. Following a bench
trial in a juvenile proceeding, the trial court adjudicated appellant delinquent of deadly conduct and
sentenced him to six month's probation. See Tex. Pen. Code Ann. § 22.05 (West 1994). In two
points of error, appellant argues that the evidence is legally and factually insufficient to support the
judgment of delinquency. Because the State concedes error and we agree with the parties' analyses,
we sustain appellant's points of error and reverse the district court's judgment and dismiss, with
prejudice, the State's original petition.

 The standards for conducting a legal and factual sufficiency review are well
established. For legal sufficiency, we ask whether, after viewing all the evidence in the light most
favorable to the judgment, any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Jackson v. Virginia, 433 U.S. 307, 319 (1979); Cardenas v.
State, 30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); McDuff v. State, 939 S.W.2d 607, 614 (Tex.
Crim. App. 1997); Narvaiz v. State, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992). The judgment
may not be overturned unless a rational trier of fact could not have found the essential elements of
the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In
reviewing the factual sufficiency of the evidence, we ask whether the evidence, viewed in a neutral
light favoring neither party, is so weak as to be clearly wrong and manifestly unjust. Id. at 7; Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). We may find the evidence factually
insufficient only where necessary to prevent manifest injustice. Johnson, 23 S.W.3d at 9; Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

 Appellant claims the evidence is legally and factually insufficient to sustain his
conviction because there is no evidence that the officer was ever placed in actual danger of imminent
serious bodily injury. It is well established that the State must prove every element of the offense
in its indictment beyond a reasonable doubt. See Dunn v. State, 819 S.W.2d 510, 513 (Tex. Crim.
App. 1991); Field v. State, 34 Tex. 39, 41 (1871). A person commits the misdemeanor offense of
deadly conduct "if he recklessly engages in conduct that places another in imminent danger of
serious bodily injury." Tex. Pen. Code Ann. § 22.05(a), (e). Recklessness and danger are presumed
where the actor knowingly points a firearm at or in the direction of another, regardless of whether
the actor believes the firearm to be loaded. Dohno v. State, 39 S.W.3d 324, 329 (Tex. App.--Fort
Worth 2001, no pet.). Thus, to sustain its burden of proving that appellant committed the offense
of deadly conduct, the State must produce legally and factually sufficient evidence to support the
conclusion that appellant placed the plain-clothed officer in imminent danger of serious bodily harm. 
See Holder v. State, 837 S.W.2d 802, 807 (Tex. App.--Austin 1992, pet. ref'd).

 Here, it is undisputed that, in the entire thirty-page record, there is no evidence that
appellant's BB gun was (i) loaded; (ii) capable of being fired; (1) or (iii) a firearm. (2) Although it is
possible for the State to prove deadly conduct without establishing these facts, it must adduce
evidence that would permit the fact finder to infer from the circumstances that the BB gun was
capable of causing serious bodily injury or death. See, e.g., Adame v. State, 37 S.W.3d 141, 144
(Tex. App.--Waco 2001, pet. granted); Delgado v. State, 986 S.W.2d 306, 307-08 (Tex.
App.--Austin 1999, no pet.); Holder, 837 S.W.2d at 807. After thoroughly scrutinizing the record,
we agree with the State and conclude "there was insufficient evidence presented at the disposition
hearing to sustain appellant's conviction for deadly conduct pursuant to Section 22.05 of the Texas
Penal Code." We sustain appellant's two points of error. We reverse the trial court's judgment and
dismiss, with prejudice, the State's original petition. See generally Greene v. Massey, 437 U.S. 19
(1978); Burks v. United States, 437 U.S. 1 (1978); see also Tex. Fam. Code Ann. § 54.03(g) (West
Supp. 2002).



 

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Reversed and Dismissed with Prejudice

Filed: February 7, 2002

Do Not Publish

1. The State's evidence consists of ten pages of testimony from the off-duty officer in which he
recounts the incident and opines that the type of BB gun, as opposed to the actual one, involved was
capable of causing serious bodily injury. He also testified that, although he seized the BB gun from
appellant, he did not check to see if it was loaded or whether it would fire.
2. In closing arguments to the trial court, the State conceded the BB gun was, in fact, not a
firearm.