# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00398-CV

## In the Matter of M. C.

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
## NO. J-20,837, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

Appellant, while riding as a passenger in a vehicle, pointed a BB gun at an off-duty, plain-clothed law enforcement officer, shouted an explicative, and drove away. Following a bench trial in a juvenile proceeding, the trial court adjudicated appellant delinquent of deadly conduct and sentenced him to six month's probation. *See* Tex. Pen. Code Ann. § 22.05 (West 1994). In two points of error, appellant argues that the evidence is legally and factually insufficient to support the judgment of delinquency. Because the State concedes error and we agree with the parties' analyses, we sustain appellant's points of error and reverse the district court's judgment and dismiss, with prejudice, the State's original petition.

The standards for conducting a legal and factual sufficiency review are well established. For legal sufficiency, we ask whether, after viewing all the evidence in the light most

favorable to the judgment, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 433 U.S. 307, 319 (1979); *Cardenas v. State*, 30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997); *Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992). The judgment may not be overturned unless a rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In reviewing the factual sufficiency of the evidence, we ask whether the evidence, viewed in a neutral light favoring neither party, is so weak as to be clearly wrong and manifestly unjust. *Id.* at 7; *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). We may find the evidence factually insufficient only where necessary to prevent manifest injustice. *Johnson*, 23 S.W.3d at 9; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

Appellant claims the evidence is legally and factually insufficient to sustain his conviction because there is no evidence that the officer was ever placed in actual danger of imminent serious bodily injury. It is well established that the State must prove every element of the offense in its indictment beyond a reasonable doubt. *See Dunn v. State*, 819 S.W.2d 510, 513 (Tex. Crim. App. 1991); *Field v. State*, 34 Tex. 39, 41 (1871). A person commits the misdemeanor offense of deadly conduct "if he recklessly engages in conduct that places another in imminent danger of serious bodily injury." Tex. Pen. Code Ann. § 22.05(a), (e). Recklessness and danger are presumed where the actor knowingly points a firearm at or in the direction of another, regardless of whether the actor believes the firearm to be loaded. *Dohno v. State*, 39 S.W.3d 324, 329 (Tex. App.—Fort Worth 2001, no pet.). Thus, to sustain its burden of proving that appellant committed the offense of deadly conduct,

2

the State must produce legally and factually sufficient evidence to support the conclusion that appellant placed the plain-clothed officer in imminent danger of serious bodily harm. *See Holder v. State*, 837 S.W.2d 802, 807 (Tex. App.—Austin 1992, pet. ref'd).

Here, it is undisputed that, in the entire thirty-page record, there is no evidence that appellant's BB gun was (i) loaded; (ii) capable of being fired;[1] or (iii) a firearm.[2] Although it is possible for the State to prove deadly conduct without establishing these facts, it must adduce evidence that would permit the fact finder to infer from the circumstances that the BB gun was capable of causing serious bodily injury or death. *See, e.g.*, *Adame v. State*, 37 S.W.3d 141, 144 (Tex. App.—Waco 2001, pet. granted); *Delgado v. State*, 986 S.W.2d 306, 307-08 (Tex. App.—Austin 1999, no pet.); *Holder*, 837 S.W.2d at 807. After thoroughly scrutinizing the record, we agree with the State and conclude "there was insufficient evidence presented at the disposition hearing to sustain appellant's conviction for deadly conduct pursuant to Section 22.05 of the Texas Penal Code." We sustain appellant's two points of error. We reverse the trial court's judgment and dismiss, with prejudice, the State's original petition. *See generally Greene v. Massey*, 437 U.S. 19

---

[1] The State's evidence consists of ten pages of testimony from the off-duty officer in which he recounts the incident and opines that the *type* of BB gun, as opposed to the *actual* one, involved was capable of causing serious bodily injury. He also testified that, although he seized the BB gun from appellant, he did not check to see if it was loaded or whether it would fire.

[2] In closing arguments to the trial court, the State conceded the BB gun was, in fact, not a firearm.

3

(1978); *Burks v. United States*, 437 U.S. 1 (1978); *see also* Tex. Fam. Code Ann. § 54.03(g) (West Supp. 2002).

_

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Reversed and Dismissed with Prejudice

Filed:  February 7, 2002

Do Not Publish