**Donald Eugene LOCKETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–92–00064–CR

Court of Appeals of Texas, Dallas.

March 31, 1994.

Discretionary Review Refused May 18, 1994.

R.D. Rucker, Dallas, for appellant.

Lori Ordiway, Dallas, for appellee.

Before BAKER, MALONEY and WHITTINGTON, JJ.

## OPINION ON RECONSIDERATION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Justice.

We withdraw our opinion of December 17, 1993. The following is now the Court's opinion.

The trial court convicted Donald Eugene Lockett of aggravated robbery, found the enhancement paragraph true, and assessed a fifty year sentence. In six points of error, appellant claims that: (1) the evidence is insufficient to support his conviction; (2) the indictment is void; (3) his confinement in the same cell with Lamar James Cole could have been conspiracy; (4) the State cannot charge two different parties with the same crime;

(5) his trial attorney did not subpoena known witnesses; and (6) his trial attorney provided ineffective assistance.

Because we find the evidence insufficient to support a finding of a deadly weapon, we reform the trial court's judgment to delete the word "aggravated" as well as any reference to a "deadly weapon." We affirm that part of the judgment as reformed finding appellant guilty of robbery. We reverse that part of the judgment which assesses punishment. We remand this cause for a new trial on punishment.

### PROCEDURAL BACKGROUND

Appellant waived his right to trial by jury and pleaded not guilty. The trial court found appellant guilty of aggravated robbery. The trial court also found that appellant used or exhibited a deadly weapon. Appellant then pleaded true to the enhancement paragraph. The trial court found the enhancement paragraph true and assessed a fifty year sentence.

Appellant's attorney filed an Anders [1] brief in which he concludes that the appeal is wholly frivolous and without merit. However, the brief raised one arguable point of error—sufficiency of the evidence.

Appellant's attorney delivered a copy of the brief to appellant. We advised appellant that he could examine the appellate record and file a pro se brief. Appellant filed a pro se brief. Appellant and his attorney raise the identical sufficiency point. Appellant also raises five additional points of error.

### FACTUAL BACKGROUND

Early one morning, three men approached the complainant and her companions as they were leaving a Dallas nightclub. Appellant was one of those men. He cut complainant's purse strap and grabbed her purse. When complainant reached for her purse, appellant's knife cut her fingers.

### SUFFICIENCY OF THE EVIDENCE

In appellant's second point of error pro se, he argues that the evidence was insufficient

to show that he used or exhibited a deadly weapon. Specifically, appellant argues that the evidence does not establish that the knife used was a deadly weapon.

### 1. Standard of Review

██ When an appellant challenges the sufficiency of the evidence, we review the evidence in the light most favorable to the prosecution. *Garrett v. State,* 851 S.W.2d 853, 857 (Tex.Crim.App.1993). We determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jones v. State,* 833 S.W.2d 118, 122 (Tex.Crim.App. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1285, 122 L.Ed.2d 678 (1993). We find the evidence sufficient to sustain the conviction if the collective weight of all the incriminating circumstances warrants the conclusion. *Livingston v. State,* 739 S.W.2d 311, 330 (Tex. Crim.App.1987), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988).

██ The fact finder is the sole judge of the witnesses' credibility and their testimonial weight. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). The fact finder may reject all or part of any witness's testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The fact finder need not believe even uncontroverted testimony. *Johnson v. State,* 571 S.W.2d 170, 173 (Tex. Crim.App. [Panel Op.] 1978). The fact finder may draw reasonable inferences from the evidence. *Benavides v. State,* 763 S.W.2d 587, 588–89 (Tex.App.—Corpus Christi 1988, pet. ref'd). We do not disturb the fact finder's decision unless it is irrational or supported by only a "mere modicum" of evidence. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988). We do not substitute our judgment for that of the fact finder. *Tompkins v. State,* 774 S.W.2d 195, 202 (Tex. Crim.App.1987), *aff'd by an equally divided court,* 490 U.S. 754, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989).

---

**1.** *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

## 2. Applicable Law

### a. Aggravated Robbery

A party commits robbery if, in the course of committing theft and with the intent to obtain or maintain control of property, he knowingly or intentionally threatens or places another in fear of imminent bodily injury or death. TEX.PENAL CODE ANN. § 29.02(a)(2) (Vernon 1989). The use or exhibition of a deadly weapon during the commission of a robbery aggravates the offense. TEX.PENAL CODE ANN. § 29.03(a)(2) (Vernon Supp.1994).

### b. Deadly Weapon

■■■ When an indictment alleges that appellant "used or exhibited a deadly weapon, to-wit: a knife," the evidence must establish that the knife was in fact "deadly." *Jones v. State,* 843 S.W.2d 92, 96 (Tex.App.—Dallas 1992, pet. ref'd). A knife is not a "deadly weapon per se."[2] *Thomas v. State,* 821 S.W.2d 616, 620 (Tex.Crim.App.1991); *Williams v. State,* 575 S.W.2d 30, 32 (Tex. Crim.App. [Panel Op.] 1979). Texas defines a deadly weapon as:

(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

TEX.PENAL CODE ANN. § 1.07(a)(11) (Vernon 1974).

■■■ "Serious bodily injury" is "bodily injury that creates a substantial risk of death, or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX.PENAL CODE § 1.07(a)(34) (Vernon 1974). If the evidence does not show that the knife caused death or serious bodily injury, then the State must produce evidence that shows the knife: (1) was capable of causing serious bodily injury; and (2) was displayed or used in a manner that establishes the intent to use the knife to cause death or serious bodily injury. *Garza v. State,* 695 S.W.2d 726, 728 (Tex.App.—Dallas 1985), *aff'd on other grounds,* 725 S.W.2d 256 (Tex.Crim.App.1987); *see also Jones,* 843 S.W.2d at 96 (applying *Garza* ). A knife need not wound a person to qualify as a deadly weapon. *Denham v. State,* 574 S.W.2d 129, 130 (Tex.Crim.App.1978).[3]

■■■ The State need not introduce expert testimony to establish the "deadly" nature of a knife. Expert testimony can be "particularly useful in supplementing meager evidence on the issue." *Davidson v. State,* 602 S.W.2d 272, 273 (Tex.Crim.App. [Panel Op.] 1980).

■■■ We examine each case on its own facts to determine whether the fact finder could have concluded from the surrounding circumstances that the knife was used as a deadly weapon. *Brown v. State,* 716 S.W.2d 939, 947 (Tex.Crim.App.1986). We can consider a defendant's verbal threats, the distance between the defendant and the victim, and the witnesses' descriptions of the knife in determining whether a defendant intended to use his knife as a deadly weapon. *Id.* at 946; *Tisdale v. State,* 686 S.W.2d 110, 115 (Tex. Crim.App.1985) (op. on reh'g).

---

**2.** In this opinion, we use the term "deadly weapon per se" to mean a weapon that is manifestly made or adapted for the purpose of causing serious bodily injury or death. TEX.PENAL CODE ANN. § 1.07(a)(11)(A) (Vernon 1974). We recognize that the concept of "deadly weapon per se" has changed under the new penal code. *See Thomas v. State,* 821 S.W.2d 616 (Tex.Crim.App. 1991). The *Thomas* court held that "bayonets, scimitars and swords of various kinds" can be deadly weapons as defined in § 1.07(a)(11)(A). *Id.* at 620.

**3.** Conversely, wounds do not mandate a finding that a knife was used as a deadly weapon. *See Harris v. State,* 562 S.W.2d 463 (Tex.Crim.App. 1978) (cut on elbow, chin, and under throat insufficient to support finding of a deadly weapon); *Danzig v. State,* 546 S.W.2d 299 (Tex.Crim. App.1977) (victim stabbed in back, arm, and nose—insufficient to support finding of deadly weapon); *Barnes v. State,* 356 S.W.2d 679 (Tex. Crim.App.1961) (two cuts on back, one on eyebrow, and one on end of a finger were not sufficient to support deadly weapon finding).

### 3. Application of the Law to the Facts

 The indictment alleges that appellant committed aggravated robbery. It charges that appellant committed theft and "knowingly and intentionally threaten[ed] and place[d] the [complainant] in fear of imminent bodily injury and death"—a robbery. The indictment then alleges as the aggravating element that the defendant "use[d] and exhibit[ed] a deadly weapon, to-wit: a knife, that in the manner of its use and intended use was capable of causing death and serious bodily injury."

The State did not introduce the knife into evidence. No evidence showed that the knife was "manifestly designed, made, or adapted for the purpose of inflicting death or bodily injury." The knife was not a deadly weapon per se.

When asked when and if she feared some bodily injury or possible death, complainant responded "[a]s soon as I noticed a knife, yes, I was." She described appellant's knife as a pocketknife to one of the investigating officers. The following exchange between the complainant and defense counsel occurred:

Q. How big a knife was that?

\* \* \* \* \* \*

A. The blade was probably about that long (demonstrating).

Q. Is it just—

A. I didn't get a very good look at the knife, I mean, I saw the blade—

Q. He used it to cut the strap?

A. Yes.

Q. You don't think he was trying to stab you, or cut you with it, do you?

A. I have no idea what his intentions were, other than to rob me.

Q. Okay. But, if he wanted to stab you, he could have stabbed you?

A. Yes.....

\* \* \* \* \* \*

Q. But, at any rate, he cut the strap on your purse?

A. That's correct.

Q. Okay. And, did they immediately run?

A. [Appellant] did.

Additionally, in response to a question from the trial judge, complainant testified that appellant slashed her fingers to get her purse.

A police officer gave the only other evidence about the knife. Over defense counsel's objection, a police officer testified that "[a]t one time, one of the black suspect males pulled a pocketknife, and cut the strap on [complainant's] purse, when she went to reach for it, she stated that she was cut on the fingers."

The evidence showed that appellant "sliced" complainant's purse "off [her] shoulder" with "a knife." As appellant was fleeing, complainant "reached around, and tried to grab [her] purse." When she reached for her purse, "[she] was cut on [her] fingers ... and got three cuts."

No evidence showed the seriousness of the cuts to complainant's hand. When the evidence does not support serious bodily injury, we apply *Garza's* two part test to determine if the knife qualifies as a "deadly weapon."

#### a. Objective Capacity

The record shows the knife was sharp enough to cut through complainant's purse strap and cut her hand. While the record does not reflect the actual size of the knife, complainant demonstrated the length of the knife by gesture, and the fact finder could see the length of the blade. However, the record reveals no lay or expert testimony on whether the knife was objectively capable of causing serious injury or death.[4]

#### b. Assertive Conduct

The evidence must show some assertive conduct demonstrating an intent to inflict

**4.** *Cf. Hart v. State,* 581 S.W.2d 675, 677 (Tex. Crim.App. [Panel Op.] 1979) (lay witness testified

serious bodily injury or death. Appellant made no verbal threats. Nothing indicates that appellant slashed at complainant or brandished the knife to threaten complainant. The only opinion evidence of appellant's intent was that he intended to "rob" the victim's purse.

Complainant described appellant's use of the knife in passive terms. She only saw appellant's knife after it cut her hand and as appellant fled. She testified that she cut her hand when she reached out for her purse, not that appellant lashed out at her when she reached for the purse.

When asked if she thought appellant "was trying to stab you or cut you with it," complainant responded "I have no idea what his intentions were, other than to rob me." Only when the trial court asked complainant whether appellant "slashed your fingers to get your purse off; right?" did complainant respond "[r]ight, yeah." No other testimony showed that appellant intended to inflict serious bodily injury on complainant.

At best, the evidence showed that appellant cut the victim's hand while stealing her purse. That, however, is not evidence that appellant intended to inflict serious bodily injury or death to steal her purse. The surrounding circumstances do not support an inference that appellant intended to use the knife to inflict serious bodily injury or death. No reasonable fact finder could have found beyond a reasonable doubt that appellant used or exhibited a deadly weapon as alleged in the indictment.

We sustain appellant's second point of error pro se.

## THE INDICTMENT

In his first point of error pro se, appellant complains that the indictment is defective. Appellant asserts that "everything should be stated in an indictment which is necessary 'to

be proved' … and since the State did not offer evidence of either way of 'proving' or 'exhibiting' this offense, appellant's conviction for aggravated robbery should be reversed." We interpret appellant's argument as a complaint about the substance of the indictment.

 Appellant must object to any indictment error before trial, or he waives the error. *Studer v. State*, 799 S.W.2d 263, 271 (Tex.Crim.App.1990). An accused must raise an indictment's substantive defects before trial or forfeit his right to raise the objection on appeal. *Id.* at n. 11 (citing TEX. CODE CRIM.PROC.ANN. art. 1.14(b)). If we can determine the offense from the indictment, the trial court has jurisdiction and appellant waived all unobjected-to defects. *Studer*, 799 S.W.2d at 271.

Appellant did not object to the indictment before trial began. He waived any complaint of defects in the indictment. TEX.CODE CRIM. PROC.ANN. art. 1.14(b) (Vernon Supp.1994). We overrule appellant's first point of error pro se.

## CONSPIRACY

In his third point of error pro se, appellant alleges that the State participated in an unlawful conspiracy by confining appellant and Cole[5] in the same cell. Nothing in the record shows that appellant ever called this matter to the trial court's attention or that the trial court ruled on any related request for relief. Additionally, appellant cites no authority to allow him to raise this issue for the first time on appeal. *See Reagan v. State*, 832 S.W.2d 125, 128 (Tex.App.—Houston [1st Dist.] 1992, no pet.).

On appeal, this Court only reviews trial error that might affect the judgment rendered. We grant appellate relief upon a showing of harm. *See* TEX.R.APP.P. 81(b)(2).

Appellant does not complain of any trial error. He does not explain how this confine-

---

on seriousness of wounds actually inflicted); *Jones*, 843 S.W.2d at 97 (lay opinion testimony as to deadliness of knife); *Garza*, 695 S.W.2d at 728–29 (police officer testified that belt buckle

was capable of causing serious bodily injury or death).

**5.** Apparently Cole participated in this offense.

ment affected the outcome of the trial. Nor does he request any relief under his third point of error pro se. Because appellant does not explain how confinement with Cole harmed him and because the record shows no harm, we overrule appellant's third point of error pro se. *See* TEX.R.APP.P. 81(b)(2).

## PARTIES

■ In his fourth point of error pro se, appellant asserts that the State cannot charge two persons with the same crime. "Each party to an offense may be charged with commission of the offense." TEX.PENAL CODE ANN. § 7.01(b) (Vernon 1974). The code of criminal procedure anticipates the State's charging two or more individuals with the same offense. *See, e.g.,* TEX.CODE CRIM. PROC.ANN. art. 36.09 (Vernon 1981).

We overrule appellant's fourth point of error pro se.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his fifth and sixth points of error pro se, appellant claims that he did not receive effective assistance of counsel. Specifically, appellant contends that his attorney did not subpoena known defense witnesses or properly investigate the case.

### 1. Applicable Law

■ We measure ineffective assistance of counsel by the standard established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by Texas in *Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim.App.1986). To prevail on an ineffective assistance of counsel claim, appellant must first show that his counsel's representation fell below an objective standard of reasonableness. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985); *Hernandez,* 726 S.W.2d at 55. He must then show that but for the professional errors of his counsel, there is a reasonable probability that the result of the proceeding would have been different. *Id.*

Appellant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *McFarland v. State,* 845 S.W.2d 824, 843 (Tex.Crim.App.1992); *Moore v. State,* 694 S.W.2d 528, 531 (Tex.Crim.App. 1985). The record must support claims of ineffective assistance. *See Holland v. State,* 761 S.W.2d 307, 320 (Tex.Crim.App.1988); *Johnson v. State,* 691 S.W.2d 619, 627 (Tex. Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 152 (1985).

### 2. Application of Law to Facts

Appellant argues that his trial counsel did not investigate the case and did not call a witness who would have exonerated him. Appellant cites us to no evidence to support his claims.

Appellant does not identify the witness that would have exonerated him. Nor does he disclose the nature of the witness's exculpatory testimony.

The record does not show the extent of his trial counsel's investigation or what evidence would have been discovered had his trial counsel investigated further. "We cannot, however, assume that because a record is silent as to the depth of an attorney's investigation[,] ... he made no investigation." *Hernandez,* 726 S.W.2d at 57.

■ Without evidence, we cannot determine whether trial counsel's failure to call other witnesses or investigate the case prejudiced appellant. *See Johnson,* 691 S.W.2d at 627. We do not sustain an ineffective assistance of counsel claim without a showing of prejudice. *See Hernandez,* 726 S.W.2d at 59.

The record shows that appellant's trial counsel discovered and exploited weak points in the State's case, challenged the identification of appellant, and thoroughly cross-examined the State's witnesses. We find nothing in the record before us that shows appellant's counsel's performance fell below an objective standard of reasonableness.

We overrule appellant's fifth and sixth points of error pro se.

## RULE 80

Intermediate courts of appeals may "modify the judgment of the court below by correcting or reforming it...." TEX.R.APP.P. 80. In *Asberry v. State*, 813 S.W.2d 526 (Tex.App.—Dallas 1991, pet. ref'd), we determined that rule 80 authorized courts of appeals to correct only clerical errors. However, the Texas Court of Criminal Appeals has recently interpreted rule 80 more broadly. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex.Crim.App.1993). The *Bigley* court held that "[n]othing in the text of Rule 80, however, so limits the power of the court of appeals to reform a judgment of the court below." *Id.* *Bigley* specifically allowed the court of appeals to reform a judgment to reflect conviction for a lesser included offense.

▮ Having concluded that the evidence was insufficient to support the aggravating element of using or exhibiting a deadly weapon, it follows that the evidence was insufficient to support a finding of guilt for aggravated robbery. Robbery, however, is a lesser included offense of aggravated robbery. *See Rogers v. State*, 795 S.W.2d 300, 305 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). By finding appellant guilty of aggravated robbery, the trial court necessarily found appellant guilty of robbery. Appellant does not challenge the sufficiency of the evidence to support a robbery conviction. We find ample evidence to support appellant's guilt of the lesser included offense of robbery. As authorized by *Bigley*, we reform the judgment to reflect conviction for the lesser included offense of robbery and to delete the deadly weapon finding.

## REMAND ON PUNISHMENT

Aggravated robbery is a first degree felony. TEX.PENAL CODE ANN. § 29.03 (Vernon Supp.1994). If the evidence shows a defendant has been once before convicted of a felony, a first degree felony is punishable by confinement for life or no more than ninety-nine years nor less than fifteen years; in addition, a fine not to exceed $10,000 may be assessed. TEX.PENAL CODE ANN. § 12.42(c)

(Vernon Supp.1994). Robbery is a second degree felony. TEX.PENAL CODE ANN. § 29.02 (Vernon 1989). If the evidence shows a defendant has been once before convicted of a felony, a second degree felony is punishable by confinement for life or no more than ninety-nine years nor less than five years; in addition, a fine not to exceed $10,000 may be assessed. TEX.PENAL CODE ANN. §§ 12.32, 12.42(b) (Vernon 1974 and Supp.1994).

▮ We cannot assume the trial judge would assess the same punishment for robbery, enhanced by a previous felony conviction, as he would assess for aggravated robbery, enhanced by a previous felony conviction. *Moss v. State*, 574 S.W.2d 542, 545 (Tex.Crim.App.1978) (op. on reh'g). Because the minimum punishment differs for appellant's original conviction and his conviction as reformed, we reverse that part of the judgment assessing punishment.

We affirm appellant's conviction as reformed. We remand this cause for a new trial on punishment. TEX.CODE CRIM.PROC. ANN. art. 44.29(b) (Vernon Supp.1994).