TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00311-CR






John Frederick Leinweber, Appellant


v.


The State of Texas, Appellee





FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT

NO. 95-061, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING






 Appellant, John Frederick Leinweber, appeals from a jury conviction of aggravated assault. 
See Tex. Penal Code Ann. § 22.02(a)(2) (West 1994). The trial court assessed punishment, enhanced
by three prior felony convictions, at confinement for thirty years. See Tex. Penal Code Ann. § 12.42(b)
(West 1994). Leinweber challenges the legal sufficiency of the evidence to establish that he used a deadly
weapon and caused bodily injury. Additionally, Leinweber contends that he was denied effective
assistance of counsel. We will affirm.


BACKGROUND

 Leinweber was serving another sentence in the Caldwell County Jail when he committed
the offense of aggravated assault against a fellow inmate, Mario Torres. On the day in question, Dena
O'Bannon, a jailer, was standing in the outdoor recreation area of the jail with Leinweber's wife, Samantha,
who was also an inmate. Leinweber approached O'Bannon, said he was angry at Torres, and walked to
a tool shed located in the outdoor area. Torres arrived, spoke to Samantha, and then approached
Leinweber near the tool shed. Leinweber grabbed a garden hoe with both hands and struck at Torres. 
Torres blocked the blow with his arm and then hunched over. Because O'Bannon was calling for help, she
did not see the second blow. Turning back around, O'Bannon saw Torres bent over and Leinweber
holding the lower end of the hoe which was broken in two pieces. Leinweber used the broken handle in
an attempt to strike Torres a third time. After the inmates were separated, Leinweber grumbled and moved
aggressively toward Torres. Several hours later, Torres was taken to the hospital, where Sharon Knox,
a nurse, examined and treated him. She found that Torres had abrasions on his forearm and back and a
"golf ball-sized" bruise on his back. Leinweber was indicted for aggravated assault with a deadly weapon. 
The jury found that Leinweber used the hoe to cause bodily injury to Torres, convicting Leinweber of the
felony offense of aggravated assault. See Tex. Penal Code Ann. § 22.02(a)(2) (West 1994). 

DISCUSSION

Legal Sufficiency of Evidence

 In points of error one and two, Leinweber contends that the evidence was legally
insufficient to establish that (1) the hoe was a deadly weapon and (2) Leinweber caused Torres bodily
injury, both necessary to support a conviction of aggravated assault. See id. The critical inquiry on review
of the legal sufficiency of the evidence to support a criminal conviction is whether the record evidence could
reasonably support a finding of guilt beyond a reasonable doubt. This Court does not ask whether it
believes that the evidence at trial established guilt beyond a reasonable doubt. Instead, the relevant
question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson
v. Virginia, 443 U.S. 307, 318-319 (1979); see also Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim.
App. 1981). 

 Texas defines deadly weapon to include "anything that in the manner of its use or intended
use is capable of causing death or serious bodily injury." Tex. Penal Code Ann. §1.07(a)(17)(B) (West
1994). When the evidence does not show that the instrument caused death or serious bodily injury, the
State must produce evidence that shows (1) the instrument was displayed or used in a manner establishing
intent to use it to cause death or serious bodily injury and (2) the instrument was capable of causing serious
bodily injury. See Lockett v. State, 874 S.W.2d 810, 814 (Tex. App.--Dallas 1994, pet. ref'd). In
determining whether the evidence was sufficient to establish that Leinweber used the garden hoe as a
deadly weapon, we must consider all the surrounding circumstances. In addition to considering the manner
in which the instrument was displayed, other factors to weigh are: (1) verbal threats made by the
defendant; (2) the distance between the defendant and the victim; and (3) the physical characteristics of
the instrument. See id. (citing Brown v. State, 716 S.W.2d 939, 946 (Tex. Crim. App. 1986)). Although
not required, expert testimony may be "particularly useful" in adding weight to already existing evidence
that the instrument was used in a deadly manner. Id. (quoting Davidson v. State, 602 S.W.2d 272, 273
(Tex. Crim. App. 1980)).

 Leinweber contends that there was no evidence that he used the hoe in a manner showing
his intent to cause death or serious bodily injury or that the hoe was capable of such. O'Bannon saw
Leinweber grab the hoe with both hands, raise it above his shoulders and swing the hoe in a downwards
motion, striking Torres. With the second blow, the hoe broke into two pieces and Leinweber then
attempted to strike Torres with the broken handle. Two other jailers, called to break up the fight, testified
that Leinweber moved aggressively towards Torres and said threateningly, "I was trying to cut your f---ing
head off." The State offered the hoe used by Leinweber and a hoe with similar characteristics into
evidence. Additionally, O'Bannon and one of the other jailers testified as to the physical characteristics of
the hoe, which was a wooden pole about five feet in length with a metal blade attached. Gerald Clough,
Senior Investigator of the Lockhart Police Department and a registered paramedic, gave lengthy testimony
as to the numerous ways in which a hoe like the one used by Leinweber could cause death or serious
injury. We conclude the evidence was legally sufficient to support the jury's finding of a deadly weapon. 
 Leinweber also contends that there was no evidence proving that he caused Torres' bodily
injuries. In assessing the legal sufficiency of evidence, we may consider both direct and circumstantial
evidence. See Geesa v. State, 820 S.W.2d 154, 156-161 (Tex. Crim. App. 1991); Hernandez v. State,
903 S.W.2d 109, 111 (Tex. App.--Fort Worth 1995, pet. ref'd). Therefore, we must ask whether a
rational juror could have found that Leinweber caused bodily injury to Torres beyond a reasonable doubt
while viewing all the relevant evidence in a light most favorable to the prosecution. See Jackson, 443 U.S.
at 318-319. 

 The State put forth direct evidence and a substantial amount of circumstantial evidence from
which a rational trier of fact could find that Leinweber caused bodily injury to Torres. O'Bannon witnessed
Leinweber striking Torres on the arm with the hoe. Although she did not actually see the second blow,
O'Bannon then saw that the hoe was broken in two pieces and that Torres was hunched over. Directly
after the incident, O'Bannon examined Torres and found that he had suffered injuries, such as red marks
and abrasions, on his arm and back. That evening Torres was taken to the emergency room after
complaining of severe pain in his chest and back. A nurse examined Torres and found that he had
abrasions on his arm and back and a bruise on his back. Torres told the nurse that his injuries were caused
by a garden hoe being broken over his back. Bodily injury is defined as "physical pain, illness, or any
impairment of physical condition." Tex. Penal Code Ann. § 1.07(a)(8) (West 1994). Bruises and
contusions may be sufficient evidence to establish bodily injury. See Hernandez, 903 S.W.2d at 113. 
Considering all the relevant evidence in a light most favorable to the verdict, a rational juror could have
found beyond a reasonable doubt that Leinweber's use of the hoe caused Torres bodily injury. The
evidence is legally sufficient to support the conviction for aggravated assault. We overrule points of error
one and two.


Effective Assistance of Counsel

 In his third point of error, Leinweber contends that he was denied reasonably effective
assistance of counsel due to his trial counsel's failure to object to inadmissible opinion evidence. The United
States Supreme Court has established a two-prong test for determining whether there was ineffective
assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Court held that a convicted
defendant must first show that counsel's performance was deficient. The counsel's performance may be
deficient by falling below a minimum objective level of reasonableness. Second, the defendant must
demonstrate that he was prejudiced by such performance, i.e., that, absent counsel's unprofessional errors,
the result of the trial would have been different. Id. at 696. The defendant must satisfy both prongs in
order to prove that the conviction resulted from a breakdown in the adversary process that renders the
result unreliable. Id. at 686. Texas has adopted this two-prong test. See Hernandez v. State, 726
S.W.2d 53, 57 (Tex. Crim. App. 1986). The defendant has the ultimate burden of proof upon the claim,
which must be established by a preponderance of the evidence. See Patrick v. State, 906 S.W.2d 481,
495 (Tex. Crim. App. 1995).

 Leinweber contends that his trial counsel rendered unreasonable legal services by failing
to object to Clough's testimony regarding the hoe's use as a deadly weapon. Leinweber alleges that, by
failing to object to unqualified expert testimony, his counsel allowed the State to bring in evidence
supporting a requisite element elevating the conviction to aggravated assault. Regardless of whether
counsel's performance was deficient, however, Leinweber also must prove that his trial would have had
a different result had his counsel objected to Clough's testimony. See Strickland, 466 U.S. at 696. The
State introduced substantial testimony, apart from the objectionable testimony, from which the jury could
have concluded that Leinweber used a deadly weapon. The State need only produce evidence that shows
Leinweber displayed or used the hoe in a manner demonstrating his intent to use the hoe as a deadly
weapon and that the hoe was capable of causing death or serious bodily injury. Lockett, 874 S.W.2d at
814. Expert testimony is not required to support a finding that an instrument was a deadly weapon. See
id. O'Bannon saw Leinweber grab the hoe with both hands and use it in a manner which indicated to her
that Leinweber intended to hit Torres in the head with the hoe. O'Bannon's testimony, the testimony of the
other two jailers, and the introduction into evidence of the actual hoe used in this assault were more than
sufficient for the jury to find that the hoe was a deadly weapon under Texas law. See id.; see also Brown,
716 S.W.2d at 946-47. Even if trial counsel had objected to Clough's unqualified expert testimony and
it had been sustained by the court, the objection would have been a superfluous exercise. Therefore,
without addressing whether Leinweber has satisfied the first prong of Strickland, we overrule point of error
three.


CONCLUSION

 Having overruled Leinweber's three points of error, we affirm the judgment of
conviction.


 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: February 13, 1997

Do Not Publish



dence in a light most favorable to the verdict, a rational juror could have
found beyond a reasonable doubt that Leinweber's use of the hoe caused Torres bodily injury. The
evidence is legally sufficient to support the conviction for aggravated assault. We overrule points of error
one and two.


Effective Assistance of Counsel

 In his third point of error, Leinweber contends that he was denied reasonably effective
assistance of counsel due to his trial counsel's failure to object to inadmissible opinion evidence. The United
States Supreme Court has established a two-prong test for determining whether there was ineffective
assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Court held that a convicted
defendant must first show that counsel's performance was deficient. The counsel's performance may be
deficient by falling below a minimum objective level of reasonableness. Second, the defendant must
demonstrate that he was prejudiced by such performance, i.e., that, absent counsel's unprofessional errors,
the result of the trial would have been different. Id. at 696. The defendant must satisfy both prongs in
order to prove that the conviction resulted from a breakdown in the adversary process that renders the
result unreliable. Id. at 686. Texas has adopted this two-prong test. See Hernandez v. State, 726
S.W.2d 53, 57 (Tex. Crim. App. 1986). The defendant has the ultimate burden of proof upon the claim,
which must be established by a preponderance of the evidence. See Patrick v. State, 906 S.W.2d 481,
495 (Tex. Crim. App. 1995).

 Leinweber contends that his trial counsel rendered unreasonable legal services by failing
to object to Clough's testimony regarding the hoe's use as a deadly weapon. Leinweber alleges that, by
failing to object to unqualified expert testimony, his counsel allowed the State to bring in evidence
supporting a requisite element elevating the conviction to aggravated assault. Regardless of whether
counsel's performance was deficient, however, Leinweber also must prove that his trial would have had
a different result had his counsel objected to Clough's testimony. See Strickland, 466 U.S. at 696. The
State introduced substantial testimony, apart from the objectionable testimony, from which the jury could
have concluded that Leinweber used a deadly weapon. The State need only produce evidence that shows
Leinweber displayed or used the hoe in a manner demonstrating his intent to use the hoe as a deadly
weapon and that the hoe was capable of causing death or serious bodily injury. Lockett, 874 S.W.2d at
814. Expert testimony is not required to support a finding that an instrument was a deadly weapon. See
id. O'Bannon saw Leinweber grab the hoe with both hands and use it in a manner which indicated to her
that Leinweber intended to hit Torres in the head with the hoe. O'Bannon's testimony, the testimony of the
other two jailers, and the introduction into evidence of the actual hoe used in this assault were more than
sufficient for the jury to find that the hoe was a deadly weapon under Texas law. See id.; see also Brown,
716 S.W.2d at 946-47. Even if trial counsel had objected to Clough's unqualified expert testimony and
it had been sustained by the court, the objection would have been a superfluous exercise. Therefore,
without addressing whether Leinweber has satisfied the first prong of Strickland, we overrule point of error
three.


CONCLUSION

 Having overruled Leinweber's three points of error, we affirm the judgment of
conviction.


 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed