Donald Franklin v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-187-CR

     DONALD FRANKLIN,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 260th District Court
Orange County, Texas
Trial Court # D-000489-R
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Donald Garfield Franklin appeals his conviction by the court of the offense of criminal
mischief. The court assessed his punishment at eighteen months in a state jail facility. He
contends in a single point that he was denied effective assistance of counsel. We affirm.
      To succeed on an ineffective assistance claim, an appellant must show that his or her
attorney’s performance was deficient and that the deficient performance prejudiced him. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 80 L. Ed. 2d 674 (1984). 
Franklin contends that his counsel was ineffective for failing to file pretrial motions and for failing
to investigate the case and present witnesses in support of his case. He does not specifically
identify any pretrial motion his counsel should have filed that would have changed the result of
his trial. There is no showing in the record that Franklin’s counsel failed to investigate his case. 
Franklin has failed to specifically identify any witness who might have been called to testify whose
testimony would have changed the result of his trial.
      Franklin also urges that his counsel was ineffective for trying this case before the court instead
of a jury, contending that it was a nullification defense and that a jury would have been much more
sympathetic to his plight. While the court characterized Franklin’s case as a nullification case,
Franklin’s assertion that trial counsel was ineffective because he tried the case before a judge
instead of a jury or that a jury would have been much more sympathetic is made with little
argument, no authority, and no support in the record. We hold that the record fails to establish
any showing that Franklin’s counsel was ineffective or, if counsel were ineffective, that it affected
the result of Franklin’s trial. See Lockett v. State, 874 S.W.2d 810, 817 (Tex. App.—Dallas
1994, pet. ref’d).
      Franklin primarily relies on the cases of Winn v. State, 871 S.W.2d 756 (Tex. App.— Corpus
Christi 1993, no pet.) and Smith v. State, 894 S.W.2d 876 (Tex. App.—Amarillo 1995, pet.
ref’d). We find both of those cases to be distinguishable because in each a record was developed
specifically identifying witnesses favorable to the accused who were not called by the defendant’s
counsel. Winn, 871 S.W.2d at 760-61; Smith, 894 S.W.2d at 878. As previously noted, there is
no record in this case specifically identifying any witness whose testimony would have been
helpful to Franklin. We overrule Franklin’s sole point.
      The judgment is affirmed.

                                                                   JOHN G. HILL
                                                                   Senior Justice

Before Chief Justice Davis,
      Justice Vance, and
      Senior Justice Hill (Sitting by Assignment)
Affirmed
Opinion delivered and filed on March 19, 2003
Do not publish
[CR25]



 Mrs. Peters testified that
these "C" type marks on the children were consistent with being beaten with an extension cord.
      Ms. Kimberly Ann Blake, a therapist with the Harris County Children's Protective Services,
was called in to make a thorough investigation of the whippings of Bethany and Jessica. Ms.
Blake testified to the looped marks and bruises on the two children. Both children told her that
they had been whipped by "Big Mamma," the Appellant. Mrs. Blake also testified that, in her
opinion, the children were telling her the truth.
      Three other witnesses, including Dr. Robert Mathis, testified to the "C" type lacerations on
Jessica and Bethany.
      Appellant testified and denied that she ever whipped the children with an extension cord, but
did admit to using a switch on them. She said the children's health was good on Sunday, May 12,
1991, except that the children were sneezing in church and had contracted bad colds; and that she
took them to a Dr. Arora the next day. Appellant testified that she had bathed the children on
Sunday, but she saw no bruises of any kind on them. Appellant said she kept the children out of
school the following Monday and Tuesday because of their colds; that she had been given a
prescription for the children; however, she never did have it filled because, she said, she did not
have the money. However, she was being paid $1,700 per month for the foster care of the four
Sonnier girls, but said she used this money to pay the taxes on her home.
      Appellant's main contention is that the informations charged her with "recklessly" causing
bodily injury to the two children, whereas, the State proved she "intentionally" caused the bodily
injury; and that there is no evidence to show that Appellant "recklessly" caused the bodily injury. 
We do not agree. We are of the opinion and hold that the evidence is sufficient to support
Appellant's conviction in each case and, accordingly, affirm the trial court's judgment in each
case.
 
                                                                                     JOHN A. JAMES, JR.
                                                                                     Justice (Retired)

Before Justice Cummings, 
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed May 5, 1993
Do not publish