NO. 07-06-0244-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 8, 2006
_____

SIERRA CRAWFORD JONES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 4181; HON. STEVEN EMMERT, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Sierra Crawford Jones, appeals from her conviction of aggravated assault with a deadly weapon by threat. Her issues include: 1) the trial court erred in admitting her oral statement to a law enforcement officer in violation of art. 38.22 of the Code of Criminal Procedure and that error was harmful, and 2) the evidence is factually insufficient to show that the knife used was a deadly weapon. We affirm the judgment.

*Background*

The evidence reveals that appellant and the victim Gracie Payne argued with each other during a pep rally in Shamrock during which argument appellant pulled a knife and threatened Payne with it. The evidence is contradictory as to which of the two persons commenced the argument and whether appellant placed the open knife against the throat of Payne, merely pointed it at Payne, or merely pulled the unopened knife out of her pocket.

*Issues One and Two*

In her first and second issues, appellant complains of the trial court's admission into evidence of testimony from Police Chief Joe Daniels about an oral statement made to him by appellant. During appellant's testimony, she stated that she did not open the knife and that she did not lift it up to Payne's face or direct it toward her in any way because she was physically unable to do so due to a rotator cuff injury. On rebuttal, the State then sought to have Daniels testify to appellant having told him during her statement at the police station that the knife was open and that she was also physically able to demonstrate without difficulty how she had held it out in front of her. Although the complete statement made by appellant to police was videotaped, the videotape was not offered into evidence and was apparently inaudible.

On appeal, appellant argues that the procedure for admission of the videotape did not meet the requirements of art. 38.22 of the Code of Criminal Procedure in that the State failed to show that the recording was accurate and failed to identify the voices on the videotape. Article 38.22 §3 provides that no oral statement of an accused made as a result of custodial interrogation is admissible against the accused in a criminal proceeding unless

2

an electronic recording is made of the statement and, among other things, the recording is accurate and all voices on the recording are identified. TEX. CODE CRIM. PROC. ANN. art. 38.22 §3 (Vernon 2005). At trial, appellant objected because it (the videotape) "has not been admitted, it's not been shown to the jury, it's inaudible and therefore is not admissible and he should not be questioned about it." The State argues that this was not an objection based on art. 38.22 and therefore the issue is waived. Even if it could be described as an objection under some portion of art. 38.22, the objection made at trial was not that the recording was inaccurate or that the voices were not identified. The objection was that the recording was inaudible. Because the objection on appeal does not comport with that at trial, the complaint is waived. *Washington v. State,* 152 S.W.3d 209, 213 (Tex. App.–Amarillo 2004, no pet.).

Moreover, assuming that the issue was not waived, art. 38.22 only applies to statements made during custodial interrogation. The evidence shows that, although appellant was asked to come to the police station, she did so without police escort later the same day of the incident. She was also allowed to leave the police station after her statement and was not arrested until eleven days later. This evidence, without more, would have allowed the trial court to find that appellant was not in custody. *See May v. State,* 139 S.W.3d 93, 100 (Tex. App.–Texarkana 2004, pet. ref'd) (holding that the trial court could have determined the defendant was not in custody when he voluntarily went to the police station, was not physically restrained, and was allowed to leave after the interview). Thus, the trial court did not abuse its discretion in permitting the police chief to testify about appellant's statement. We overrule her first two issues.

*Issue Three*

In her third issue, appellant contends the evidence is factually insufficient to show that the knife was a deadly weapon.[1] The standard for factual sufficiency is well settled. We cite the parties to *Watson v. State,* No. PD-469-05, 2006 Tex. Crim. App. LEXIS 2040 (Tex. Crim. App. October 18, 2006) for a discussion of it.

Next, an assault becomes aggravated if the person used or exhibited a deadly weapon during its commission. TEX. PEN. CODE ANN. §22.02(a)(2) (Vernon Supp. 2006). When an indictment alleges that appellant "use[d] or exhibit[ed] a deadly weapon, to wit: [a] knife," the evidence must establish that the knife used was actually deadly. *Lockett v. State,* 874 S.W.2d 810, 814 (Tex. App.–Dallas 1994, pet. ref'd). Next, the Penal Code defines a "deadly weapon" as "anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or . . . anything that in the manner of its use or intended use is capable of causing death or serious bodily injury . . . ." TEX. PEN. CODE ANN. §1.07(a)(17) (Vernon Supp. 2006). Although a knife is not a deadly weapon *per se, Thomas v. State,* 821 S.W.2d 616, 620 (Tex. Crim. App. 1991), it may be shown to be so via evidence of its size, shape, sharpness, manner of use or intended use, and its capacity to produce death or serious injury. *Billey v. State,* 895 S.W.2d 417, 420 (Tex. App.–Amarillo 1995, pet. ref'd). Additionally, evidence of the use of expressed or implied threats, the distance between the accused and the victim, and the victim's description of the knife are also indicia susceptible to consideration, *id.,* as is evidence of wounds caused by the weapon. *Davidson v. State,* 602 S.W.2d 272, 273 (Tex. Crim. App. 1980). Finally,

---

[1] At the end of her argument on this issue, appellant concludes that the evidence is "legally insufficient" although she phrases her issue as one of factual insufficiency. To the extent that she is contesting the legal sufficiency of the evidence, our resolution of the factual sufficiency also resolves any legal sufficiency claim.

4

while expert testimony regarding the deadly nature of a knife need not be produced to secure a conviction, it can nonetheless be useful. *Davidson v. State,* 602 S.W.2d at 273; *Lockett v. State,* 874 S.W.2d at 814. The knife used was admitted into evidence at trial. It was also described as being a lock blade knife with a two to three-inch blade that could be operated with one hand. Payne and two other witnesses testified the knife was placed against the victim's throat. Payne also testified that as the knife was pulled out, appellant stated, "I'm not scared of you," Payne called for help when she saw the knife, that it was "scary," and that her granddaughter was screaming, "Don't kill my grandma." While the evidence as to whether the knife was placed against the victim's throat was conflicting, if the jury chose to believe that it had been so placed, it is evidence of placement next to a body region particularly susceptible to serious damage to the blood and oxygen supply. That placement, along with the words spoken, constitutes an implied threat of serious harm. While no witness testified that the knife was deadly, the evidence presented would allow a rational jury to conclude that the knife was capable of causing death or serious bodily injury in the manner of its use or intended use, and such a finding tested against the entire record is neither manifestly unjust or contrary to the overwhelming weight of the evidence. Thus, the evidence is factually sufficient to show that appellant used or exhibited a deadly weapon during the assault.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Chief Justice


Do not publish.