In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-163 CR


 ______________________


 

LAMONT JOSEPH JOHNSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 91230






MEMORANDUM OPINION


 A jury found appellant Lamont Joseph Johnson guilty of possession of a controlled
substance in an amount of less than one gram. See Tex. Health & Safety Code Ann. §
481.115(b) (Vernon 2003). The trial court sentenced Johnson to twelve years of
confinement. (1) 

 Johnson's appellate counsel filed a brief that presents counsel's professional
evaluation of the record and concludes the appeal is frivolous. See Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978). On February 1, 2007, we granted an extension of time for appellant to file a pro
se brief. We received no response from appellant.

 We reviewed the record, and we agree with counsel's conclusion that no arguable
issues support an appeal. (2) In our review of the record, we noted that the trial court's
judgment incorrectly recites that the statute under which Johnson was charged was section
481.115 of the Agriculture Code, and that the offense with which Johnson was charged was
a second-degree felony. The indictment reflects Johnson was charged with a violation of
section 481.115 of the Health and Safety Code (the Texas Controlled Substances Act), and
the indictment and the reporter's record of the sentencing hearing reflect the offense with
which Johnson was charged was a state jail felony, but his punishment exposure was
increased due to his sequenced prior felony convictions. This Court has the authority to
reform the trial court's judgment to correct a clerical error. See Tex. R. App. P. 43.2(b);
Bigley v. State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); Asberry v. State, 813 S.W.2d
526, 531 (Tex. App.--Dallas 1991, pet. ref'd), modified on other grounds by Lockett v. State,
874 S.W.2d 810, 813 (Tex. App.--Dallas, 1994, pet. ref'd.). Therefore, we modify the trial
court's judgment to read that Johnson was charged under section 481.115(b) of the Health
and Safety Code, and that the offense with which Johnson was charged was a state jail
felony, but Johnson was charged as a sequenced felony habitual offender.

 We find it unnecessary to order appointment of new counsel to re-brief the appeal. 
Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial
court's judgment as reformed. (3)

 AFFIRMED AS REFORMED.

 _________________________________

 DAVID GAULTNEY

 Justice 

Submitted on May 29, 2007 

Opinion Delivered June 20, 2007 

Do not publish


Before Gaultney, Kreger, and Horton, JJ.
1. The indictment alleged Johnson had three prior felony convictions, and that after the
first three convictions became final, Johnson was convicted of a fourth felony. Johnson pled
"true" to the enhancement allegations, thereby raising his punishment exposure to that for
a second-degree felony. See Tex. Pen. Code Ann. § 12.42(a)(2) (Vernon Supp. 2006). 
2. A video/audio tape played at trial is not viewable by this Court, but the record
includes testimony reflecting some of the statements made on the tape. No objections were
made to the admission of the tape into evidence. 
3. Appellant may challenge our decision in this case by filing a petition for discretionary
review. See Tex. R. App. P. 68.