

NUMBER 13-08-00022-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

STEVEN CURTIS LEWIS,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

**On appeal from the 163rd District Court
of Orange County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Garza**

Appellant, Steven Curtis Lewis, was convicted for the offense of aggravated robbery and was sentenced to eighteen years' imprisonment. *See* TEX. PENAL CODE ANN. § 29.03(a) (Vernon 2003). Lewis now appeals, contending that his counsel was ineffective for failing to present sufficient mitigation evidence and for producing no witnesses to testify at the sentencing phase of the trial. We affirm.

## I. BACKGROUND

On January 25, 2007, an Orange County grand jury indicted Lewis on two counts of aggravated robbery.[1]  *See id.*  On September 19, 2007, Lewis sent a request to his attorney asking that she remove herself from the case, in part because he believed she was a "plea bargain lover [and] not a trail [sic] attorney."  Subsequently, his attorney filed a motion to withdraw as counsel.  At a hearing on September 20, 2007, Lewis expressed his discontent with his appointed attorney and asked the court to be assigned new representation.  The court denied counsel's motion to withdraw.  On September 24, 2007, the trial court held a plea hearing at which Lewis pleaded guilty to count one of the indictment.  The court also ordered a pre-sentence investigation report to be prepared.

The sentencing hearing took place on October 18, 2007, at which point the trial court permitted Lewis to make a statement requesting leniency.  In response to the State's argument that Lewis's criminal history be considered in determining his punishment, Lewis's attorney urged that his actions were not premeditated and asked that the judge take into account Lewis's grandmother's ill health and his desire to have a life with her after his release from the penitentiary.  The trial court, taking note of the pre-sentence

---

[1] The first count of the indictment alleged that Lewis:

> . . . while in the course of committing theft and with intent to obtain and maintain control of property of Ronald Mills, without effective consent of the said Ronald Mills, and with the intent to deprive that said Ronald Mills of said property, did then and there by using and exhibiting a deadly weapon, to wit:  a knife, that in the manner of its use and intended use is capable of causing serious bodily injury and death, intentionally and knowingly cause bodily injury to Ronald Mills by stabbing the said Ronald Mills with said knife.

*See* TEX. PENAL CODE ANN. § 29.03(a)(2) (Vernon 2003).  The second count alleged that Lewis:

> . . . while in the course of committing theft of property of Ronald Mills, and with intent to obtain and maintain control of said property, [did] intentionally and knowingly cause serious bodily injury to Ronald Mills by stabbing the said Ronald Mills with a knife.

*See id.* § 29.03(a)(1) (Vernon 2003).

investigation report, the arguments of counsel, and Lewis's statement, sentenced Lewis to eighteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The judgment and sentence were entered on October 24, 2007. Lewis now appeals.

## II. DISCUSSION

By his sole issue, Lewis contends that his Sixth Amendment right to counsel was violated because his counsel was ineffective for failing to present sufficient mitigating evidence and for producing no witnesses to testify at the sentencing hearing. *See* U.S. CONST. amend. VI.

To establish ineffective assistance of counsel, Lewis must show (1) his attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 684 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.). Whether this test has been met is to be judged on appeal by the totality of representation, not by any isolated acts or omissions. *Jaynes*, S.W.3d 839 at 851. The burden rests on the appellant to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)). Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if the appellant overcomes the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851. Moreover, the acts or omissions

3

that form the basis of appellant's claim of ineffective assistance must be supported by the record. *Thompson*, 9 S.W.3d at 814; *Jaynes*, 216 S.W.3d at 851. A silent record which provides no explanation for counsel's actions usually will not overcome the strong presumption of reasonable assistance. *Thompson*, 9 S.W.3d at 813-14.

Lewis claims that his counsel offered insufficient mitigating evidence at sentencing. The only evidence brought on his behalf was his own self-serving statement; Lewis contends that a reasonably prudent attorney would have done more than merely have the defendant ask the court for leniency. Specifically, Lewis asserts that his counsel should have put witnesses on the stand to explain his background and why he should be granted leniency. However, Lewis has not indicated what, if any, witness testimony or other mitigating evidence could have been produced that might have altered the outcome of the sentencing hearing.[2] Lewis asserts that the trial court was "not given anything to work with" at trial and argues that if adequate mitigation evidence had been provided, the trial court may have had reason to order a lesser sentence. However, contrary to Lewis's assertion, the record shows that the trial court did have the opportunity to review a pre-sentence investigation report and Lewis's plea for leniency in determining his sentence. Lewis baldly asserts that "[i]t can never be said to be prudent trial strategy to present such little mitigation evidence." But Lewis has shown no reasonable probability that, but for counsel's allegedly deficient performance, the result of the sentencing phase would have been different. *See Strickland*, 466 U.S. at 684; *Hernandez*, 726 S.W.2d at 57; *Jaynes*, 216

___

[2] Lewis states that his counsel "should have put witnesses on the stand that further explained the history of Mr. Lewis and how it had formed the individual he is today. She could have found former teachers, relatives, neighbors, or friends that could complete this picture." Lewis does not, however, specify what any such testimony would have revealed, nor does he explain how any such testimony might have led to a lesser sentence.

4

S.W.3d at 851.

Moreover, the record reveals no reasoning for his counsel's actions regarding the alleged errors. Lewis, therefore, has failed to meet his burden in rebutting the strong presumption of reasonable assistance, *see Jaynes*, 216 S.W.3d at 851, and he has failed to establish that counsel's representation fell below an objective standard of reasonableness. *See Lockett v. State*, 874 S.W.2d 810, 817 (Tex. App.–Dallas 1994, no writ) (explaining that the court will overrule appellant's claim if nothing in the record shows appellant's counsel's performance fell below an objective standard of reasonableness).

We conclude that Lewis has not shown that his trial counsel offered ineffective assistance of counsel. Accordingly, his sole issue is overruled.

### III. Conclusion

We affirm the judgment of the trial court.

                                               _____

DORI CONTRERAS GARZA,
Justice

Do not publish.
Tex. R. App. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 26th day of June, 2008.