In The



Court of Appeals



Ninth District of Texas at Beaumont



________________



NO. 09-08-00178-CR


 _____________________



ADRIAN DEVONNE JONES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B-080059-R






MEMORANDUM OPINION


 Adrian Devonne Jones pled guilty, without a plea agreement, to aggravated robbery
with a deadly weapon. The trial court sentenced him to thirty years in prison. On appeal, he
argues his trial counsel was ineffective at the punishment phase. We overrule the issue
presented. Because the judgment includes a clerical error, we modify the judgment and
affirm the trial court's judgment as modified.

Standard of Review


 We review a claim of ineffective assistance of counsel under the standards set out in
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The
defendant must show his counsel's performance was deficient and that the deficient
performance prejudiced his defense. Id; Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002). To show deficient performance, the defendant must prove, by a preponderance of the
evidence, that his counsel's representation fell below the objective standard of professional
norms. Bone, 77 S.W.3d at 833. To show prejudice, the defendant must show reasonable
probability that, but for his counsel's unprofessional errors, the result of the proceeding
would have been different. Id. 

 "Judicial scrutiny of counsel's performance must be highly deferential." Strickland,
466 U.S. at 689. The defendant has the burden of overcoming the strong presumption that
an attorney's actions were sound trial strategy. Id. An allegation of ineffective assistance
must be firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). 
"[T]he record on direct appeal is usually undeveloped and inadequately reflective of the
reasons for defense counsel's actions at trial." Mata v. State, 226 S.W.3d 425, 430 (Tex.
Crim. App. 2007) (footnote omitted). For that reason, the record on direct appeal will
generally not be sufficient to show that trial counsel's representation was so deficient and so
lacking as to overcome the presumption that counsel's representation was reasonable and
professional. Bone, 77 S.W.3d at 833. If the record is silent regarding trial counsel's
strategy, we "will not conclude the challenged conduct constituted deficient performance
unless the conduct was so outrageous that no competent attorney would have engaged in it." 
Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

Background


 At the punishment hearing, the State presented two witnesses. Detective Sarah
Jefferson-Simon testified she had known Jones throughout his life. She indicated that on 
a "couple of occasions" when she was working at the high school attended by Jones, he "was
disrupting the classroom . . . ." The detective explained that normally when she talked with
him she could get him to cooperate with her. She was aware he had broken rules at school
and had broken the law as a juvenile. She testified she had participated in an investigation
of Jones's involvement in a "robbery/carjacking" in Louisiana. The detective also explained
she interviewed Jones about the aggravated robbery allegation in this case, and he ultimately
confessed to his involvement in the crime. Jones's attorney did not cross-examine the
detective.

 The State's other witness, was Kelli Romano-Catron, who testified concerning the
aggravated robbery that occurred on January 15, 2008. She was working the evening shift 
as a restaurant cashier. Two people entered the restaurant with something that looked like
ski masks on their faces. Catron testified she thought her life was going to end. Both
suspects had guns. She testified Jones pointed a gun at her face, and the other man held a
gun down by his leg. Both demanded money. She handed over the money. The cashier
testified she has had anxiety attacks since the robbery occurred. On cross-examination, trial
counsel attempted to cast doubt on the cashier's memory, particularly as to whether Jones had
a gun during the robbery.

 Jones's attorney sought to have the other person charged in the aggravated robbery
testify at the punishment phase. At the sentencing hearing, the trial judge stated the "co-defendant's" attorney indicated the co-defendant had no intention of testifying and would
invoke the Fifth Amendment. Concluding the witness was unavailable for testimony, the
trial judge did not "bring him over to go through the procedure in the courtroom."

 Jones's attorney presented two witnesses at the punishment phase. Jones testified in
his own behalf. He was seventeen at the time of trial. His trial attorney questioned him
about the contents of the PSI report. Jones indicated he earlier had a charge of criminal
mischief for which he received probation (later revoked); a charge for terroristic bomb threat
(for which he was suspended from school); an evading arrest charge; charges for two
carjackings; and two robbery charges from Louisiana (for which he spent time in jail). 
Explaining that the information in the PSI report was correct "[e]xcept for the weapon[,]" 
Jones testified he did not have a gun during the robbery. The other man had a revolver, and
the robbery was the other man's idea. Jones "told [the other defendant] that I couldn't let
him do nothing like that [himself]." Jones testified he "just stood by the [restaurant] door"
and held it open, and the other defendant got the money and left with it. Jones indicated he
went along to prevent somebody from getting hurt. He testified his participation was
"stupid[,]" and that he was taking this "[v]ery serious." 

 Trial counsel presented evidence that Jones had been employed. Jones testified he
understood he could be incarcerated for life; he "made the wrong choices"; and he asserted
he was going to change and make positive choices in his life. 

 During the State's cross-examination, Jones acknowledged he initially lied to the
detective about his involvement in the robbery. He indicated he knew there were people in
the restaurant that night and someone could get hurt. Jones also knew the other man had a
gun when they entered the restaurant. Jones netted approximately $350 from the robbery.

 Ebonica Jones, Jones's sister also testified. She explained Jones has had trouble with
anger because we did not "have [our] mother in our life, and we didn't have a father figure
in our life." Their grandmother raised them. Other positive influences in Jones's life were
a Mr. Brackin and Detective Jefferson. When Jones's grandmother died, "that's when things
kind of went down the drain for him." The sister, a college student, indicated she would
provide assistance, encouragement, and counsel to Jones to help him do what is right. She
testified she had a job and was raising two girls, ages four and three. In spite of the good
influences in Jones's life, the sister indicated he had made some bad choices. 


 Analysis


 Jones argues his counsel was ineffective at the punishment phase of the trial, because
counsel presented only the testimony of Jones and Jones's sister for mitigation purposes and
failed to properly investigate and present an adequate defense. Trial counsel cross-examined
the eyewitness and challenged her memory and credibility. Although trial counsel chose not
to cross-examine the detective, Jones does not show how that decision was deficient
performance or how it prejudiced his defense. The decision may have been sound trial
strategy. 

 The record does not demonstrate that counsel failed to investigate other potential
witnesses for mitigation testimony, and there is nothing in the record indicating what
witnesses Jones might have called or the content of any testimony they may have given. See
Lockett v. State, 874 S.W.2d 810, 817 (Tex. App.--Dallas 1994, pet. ref'd) (Record does not
show extent of trial counsel's investigation or what evidence would have been discovered
had counsel investigated further; record does not show deficient performance or prejudice.). 
Counsel may have had difficulty in finding witnesses to testify at punishment. 

 The witnesses presented by trial counsel revealed Jones's background, his absent
mother, lack of a father figure, his grandmother's role in raising him, the death of his
grandmother, his downward spiral after her death, his acknowledgment of wrong choices in
his life, and the avowed support of his sister. The record does not affirmatively demonstrate 
the alleged ineffectiveness, and Jones has not overcome the presumption that counsel acted
pursuant to sound trial strategy. 

 A reviewing court examines all the facts and circumstances involved in the case and
"must be highly deferential" to trial counsel and avoid the "distorting effects of hindsight[.]"
Strickland, 466 U.S. at 689-90; Thompson, 9 S.W.3d at 813 (citing Ingham v. State, 679
S.W.2d 503, 509) (Tex. Crim. App. 1984)). Based on the totality of the representation and
the particular circumstances of this case, we conclude Jones has not met his burden of
establishing ineffective assistance of counsel, or that the complained-of conduct is of a type
that no reasonably competent defense attorney would have engaged in for any reason. See
Mata, 226 S.W.3d at 428-29; Thompson, 9 S.W.3d at 813. 

 The document titled "Punishment Recommendation," the guilty plea hearing, and the
certification of right to appeal all state there was no plea bargain in this case. The record of
the punishment phase of the trial gives no indication of any plea bargain; yet the trial court's
judgment states there is one. The judgment contains a clerical error. An appellate court may
modify a judgment to correct a clerical error in the judgment. See Tex. R. App. P. 43.2(b);
Nicholas v. State, 56 S.W.3d 760, 767 (Tex. App.--Houston [14th Dist.] 2001,pet. ref'd). 
Because there was no plea bargain, we modify the judgment to omit the following language: 

 "Terms of Plea Bargain: Serve thirty (30) years confinement in the Texas
Department of Criminal Justice-Institutional Division."


The remainder of the judgment remains the same. We overrule Jones's appellate issue and
affirm the judgment as modified. 

 AFFIRMED AS MODIFIED. 

 _________________________________

 DAVID GAULTNEY

 Justice 

Submitted on April 1, 2009

Opinion Delivered April 8, 2009 

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.