OPINION

 

No. 04-10-00328-CR

 

Rudy L. VALLADO,

Appellant

 

v.

 

The STATE of
Texas,

Appellee

 

From the 144th
Judicial District Court, Bexar County, Texas

Trial Court No. 2008CR11728

Honorable Pat Priest,
Judge Presiding[1]

 

Opinion by:   Steven C. Hilbig, Justice

 

Sitting:                     Phylis J. Speedlin, Justice

                     Rebecca
Simmons, Justice

                     Steven
C. Hilbig, Justice

 

Delivered and
Filed:  June 22, 2011

 

AFFIRMED

 

Rudy L. Vallado appeals
the trial court’s judgment of conviction for aggravated assault.  Vallado
contends the evidence is insufficient to support a finding that he used or
exhibited a deadly weapon.  We affirm the trial court’s judgment.

Background

           Roy
Cortez worked as a security officer at Gloria’s Lounge in San Antonio.  On
September 22, 2008, he went to the bar to present an invoice for his services
to the owner.  Cortez testified that as he walked back outside, he was attacked
by Vallado.  Richard Pacheco told the jury he was sitting in his parked car,
facing the bar when he saw Vallado come out the front door of the bar, followed
by Cortez.  Pacheco testified Cortez began to push Vallado and eventually
pushed him to the ground.  Pacheco saw Cortez lift Vallado and slam him into
Pacheco’s car.  Pacheco testified Vallado then stabbed Cortez two or three
times with a knife.  Pacheco told the jury he saw intestines protruding from a
wound to Cortez’s stomach.  Pacheco went inside the bar to call police and
others ran after Vallado and caught him a short distance from the bar. 

           San Antonio Police Officer Jason Mendez
testified that when he arrived at the bar, Vallado was being held by a security
guard.  The security guard handed Officer Mendez a knife he said he had taken
from Vallado.  Officer Mendez described the knife as being five to seven inches
long with a two or three inch blade.  Officer Mendez later gave the knife to
the reporting officer, San Antonio Police Officer Manuel Rodriguez.  Officer
Rodriguez testified the knife contained a single blade and was approximately
six inches long.  Officer Rodriguez testified the knife was a deadly weapon
because it was capable of causing serious bodily injury or death.  The officer
stated the blade could “slice an artery,” “cause severe internal injuries,” or
cause a person to “bleed out and die.”  The knife, a folding knife with a
locking blade approximately three inches in length, was introduced into
evidence.

           Cortez testified he did not remember
fighting with Vallado before being stabbed.  Cortez stated he was stabbed on
his side, cut on his shoulder blade, and cut on his elbow.  After the stabbing,
he noticed his clothes were wet and “full of blood” from the wound to his
side.  He recalled being transported to the hospital and treated for his wounds. 
He told the jury that, except for a single day, he was hospitalized or in a
rehabilitation center from the date he was stabbed (September 22, 2008) until
December 4, 2008.  

           Cortez’s mother, Rose Marie Coronado,
testified she went to the hospital after being notified about the stabbing by
the police.  She told the jury that Cortez was in surgery when she arrived. 
Coronado testified her son underwent a skin graft to his abdomen because the
injury to his stomach became infected and would not close.  Cortez also
suffered a ruptured bowel and had been wearing a colostomy bag for one and
one-half years at the time of trial.  It is not clear from the record whether
the colostomy was required by the injuries Cortez suffered in the attack or by
subsequent complications.

           In accordance with the allegations of
the indictment, the jury was charged that it could return a verdict of guilt if
it found beyond a reasonable doubt Vallado committed aggravated assault either
by causing bodily injury while using a deadly weapon or by causing serious
bodily injury.  The jury returned a general verdict, finding Vallado guilty of
aggravated assault as alleged in the indictment.

Sufficiency of the Evidence

Applicable
Law

The indictment charged a
single count of aggravated assault in two separate paragraphs.  Paragraph A
alleged Vallado committed aggravated assault by using and exhibiting a deadly
weapon — a knife — and caused bodily injury to Cortez by cutting and stabbing
him with the knife.  Paragraph B alleged Vallado committed aggravated assault
by cutting and stabbing Cortez with the knife and causing serious bodily
injury.  The trial court instructed the jury on both theories in the
disjunctive.

Vallado asserts the
evidence is legally insufficient to prove the knife used in the attack is a
deadly weapon.  Vallado does not directly attack the sufficiency of the
evidence under Paragraph B as to whether Cortez suffered serious bodily
injury.  Normally, an appellate court will refrain from conducting a
sufficiency of the evidence review when the defendant fails to attack all
theories of conviction submitted alternatively to the jury.  See Kitchens v. State,
823 S.W.2d 256, 259 (Tex. Crim. App. 1991)(overruling sufficiency of the
evidence point of error because defendant failed to contest all acts charged), cert.
denied, 504 U.S. 958 (1992); Gokey v. State, 314 S.W.3d 63, 68 (Tex.
App.—San Antonio 2010, pet. dism’d)(holding court would not conduct sufficiency
of evidence review when defendant failed to challenge both theories of
aggravated assault submitted to jury); Gonzalez Soto v. State, 267
S.W.3d 327, 333 n. 23 (Tex. App.—Corpus Christi 2008, no pet.)(appellate court
declined to render judgment of acquittal after State conceded evidence was
legally insufficient to support one of the theories submitted to jury because
jury returned general verdict and defendant did not challenge sufficiency of
evidence to support remaining two theories); Randall v. State, 232
S.W.3d 285, 288 (Tex. App.—Beaumont 2007, pet. ref’d)(overruling defendant’s
claim of legal insufficiency because defendant did not challenge all theories
submitted to jury); Henderson v. State, 77 S.W.3d 321, 327 (Tex.
App.—Fort Worth 2002, no pet.)(same).  However, in his argument that the
evidence is insufficient to support a finding that he used a deadly weapon,
Vallado contends Cortez did not suffer serious bodily injury.  Liberally
construing the argument, and in the interest of justice, we will consider
whether the evidence is sufficient to support the jury’s verdict under either
theory. 

A
weapon used to cause serious bodily injury is by definition a deadly weapon.  See
Tex. Penal Code Ann. §
1.07(a)(17)(B) (West 2011)(“deadly weapon” means “anything that in the manner
of its use or intended use is capable of causing death or serious bodily
injury”); Landrian v. State, 268 S.W.3d 532, 538 (Tex. Crim. App. 2008).  “Serious bodily injury” is “bodily injury
that creates a substantial risk of death or that causes death, serious
permanent disfigurement, or protracted loss or impairment of the function of
any bodily member or organ.”  Tex. Pen.
Code Ann. § 1.07(a)(46) (West 2011).  An object need not actually
cause serious bodily injury or death to be a deadly weapon within the meaning
of the Penal Code; however, the evidence must establish “the actor intend[ed] a
use of the object in which it would be capable of causing death or serious
bodily injury.”  McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App.
2000).  When the wounds caused by the weapon do not result in serious bodily
injury or death, an object is a deadly weapon only if the State proves it “(1)
was capable of causing serious bodily injury; and (2) was displayed or used in
a manner that establishes the intent to use the [weapon] to cause death or
serious bodily injury.”  Lockett v. State, 874 S.W.2d 810, 814 (Tex.
App.—Dallas 1994, pet. ref’d); see Johnson v. State, 919 S.W.2d
473, 477 (Tex. App.—Fort Worth 1996, pet. ref’d) (holding that State must prove
“the thing used as a weapon was capable of causing death or serious bodily
injury”).

We conduct a legal
sufficiency review by looking at all of the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt.  Prible
v. State, 175 S.W.3d 724, 729-30 (Tex. Crim. App.), cert. denied,
546 U.S. 962 (2005).  We resolve any inconsistencies in the testimony in favor
of the verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App.
2000).  We defer to the jury’s determination of the weight to be given to
contradictory testimonial evidence because resolution of the conflict is often
determined by the jurors’ evaluation of the witnesses’ credibility and
demeanor.  Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).

Discussion

The
evidence is sufficient to support the jury’s verdict under both the “serious
bodily injury” and the “deadly weapon” means of committing aggravated assault. 
Officer Rodriguez testified the knife Vallado used was a deadly weapon.  Although
Vallado argues on appeal we should not consider this testimony because the
State failed to establish the basis of the opinion, he did not object to the
testimony at trial.  Moreover, Officer Rodriguez explained the basis for his
opinion — that when the blade was extended, the knife could be used to “stab
somebody, slice an artery; . . . cause severe internal injuries,” and the
person could “bleed out and die.”  The knife has a blade that is approximately
three inches long, and witnesses testified it was used to stab Cortez. 
According to Pacheco, the attack caused Cortez’s intestines to protrude from
one of his wounds.  This evidence was sufficient to support a rational finding
by the jury that the knife, in its manner of use and intended use, was capable
of causing serious bodily injury or death.  See Tucker v. State, 274
S.W.3d 688, 692 (Tex. Crim. App. 2008)(holding that evidence knife wound was in
vulnerable area and could have resulted in severing major blood vessel or nerve
supported finding that weapon was capable of causing serious bodily injury or
death).

There
is also sufficient evidence to allow a rational jury to conclude beyond a
reasonable doubt Cortez suffered serious bodily injury.  Cortez testified he
was in a hospital or in a rehabilitation facility for over two months after the
stabbing.  His mother testified the wound to her son’s stomach would not heal
due to infection and a skin graft was required to close the wound.  Cortez also
suffered a ruptured bowel and was required to use a colostomy bag.  Cortez was
still using the bag at the time of trial, almost one and one-half years after
the crime.  This evidence demonstrates Cortez suffered a protracted loss or
impairment of use of the function of a bodily organ.

Conclusion

           The State
presented sufficient evidence to allow a rational jury to find beyond a
reasonable doubt the essential elements of aggravated assault.  There was
sufficient evidence to support a finding that Vallado used a deadly weapon and
caused bodily injury to the victim or that Vallado caused Cortez to suffer
serious bodily injury.  The judgment of the trial court is affirmed.

 

Steven C. Hilbig, Justice

 

 

PUBLISH









[1]
Senior Judge sitting by assignment