**Reversed in part, modified in part, affirmed as modified, and remanded and Opinion Filed May 30, 2024**



In the
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-23-00571-CR

**MICHAEL DONELL GLOVER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 22-50009-86-F**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Carlyle
Opinion by Justice Carlyle

A jury convicted appellant Michael Donnell Glover of aggravated robbery and the court sentenced him to life in prison. In a single issue, appellant argues the evidence is legally insufficient to support the jury's finding that he displayed or used his pocketknife in a manner that established his intent to use it to cause death or serious bodily injury. We reverse in part, modify in part, affirm the trial court's judgment as modified, and remand for further proceedings consistent with this opinion.

The indictment alleged appellant committed aggravated robbery and that he, "while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally and knowingly place[d] Delbert Dewayne Parks in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a knife." *See* TEX. PENAL CODE § 29.03(a). "'Deadly weapon' means . . . anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE § 1.07(a)(17)(B). Serious bodily injury "means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PENAL CODE § 1.07(a)(46).

The evidence presented at trial shows appellant walked into a Buc-ee's store in Terrell, Texas with empty hands on January 10, 2022, appellant hid behind a counter while placing various items into a soft-sided cooler, appellant walked out of the store carrying a soft-sided cooler, the cooler and the items inside were worth $728.91, and appellant did not pay for the cooler or the items inside. A store associate named Delbert Dewayne Parks followed appellant out of the store and requested the return of the store's property; in response, appellant said, "Just let me go." Parks then grabbed the cooler and instructed appellant to return the store's property; in response, appellant said, "Let me have it."

During the struggle over the cooler, appellant produced a pocketknife. Parks testified that he thought appellant might cut him, that he did not know what was going to happen next, and that he told appellant, "Dude, I'll fuck you up." Despite this threat, appellant did not swing the knife or point it at Parks; instead, he kept the knife close to his own body and simply said, "Come on, Dewayne" as he used the knife to cut the strap on the cooler. Parks then released the cooler and returned to the store empty handed.

We review evidentiary sufficiency under the *Jackson v. Virginia* standard. *See Brooks v. State*, 323 S.W.3d 893, 894, 901–02 (Tex. Crim. App. 2010). We review all the evidence and reasonable inferences therefrom in the light most favorable to the verdict to determine whether a jury could rationally find guilt beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018). We examine each case on its own facts to determine whether a rational trier of fact could have concluded from the surrounding circumstances that appellant used an instrument as a deadly weapon. *Johnson v. State*, No. 05-21-00363-CR, 2022 WL 2865876, at *3 (Tex. App.—Dallas July 21, 2022, no pet.) (mem. op.).

Appellant's pocketknife was not a deadly weapon per se. *See Thomas v. State*, 821 S.W.2d 616, 619 (Tex. Crim. App. 1991). Where, as here, the evidence does not show that a knife caused death or serious bodily injury, the State must produce evidence that the knife: (1) is capable of causing serious bodily injury; and (2) was displayed or used in a manner that establishes the intent to use it to cause death or serious bodily injury. *See Johnson*, 2022 WL 2865876, at *3. To determine whether a knife is a deadly weapon in the manner of its use or intended use, we consider "words and other threatening actions by the defendant, including the defendant's proximity to the victim; the weapon's ability to inflict serious bodily injury or death, including the size, shape, and sharpness of the weapon; and the manner in which the defendant used the weapon." *Johnson v. State*, 509 S.W.3d 320, 323 (Tex. Crim. App. 2017); *see also Thomas*, 821 S.W.2d at 619 (also examining the nature of wounds the knife inflicted).

Evidence at trial conclusively shows appellant carried a common pocketknife with a blade that is approximately two or three inches long, "very pointed," sharper than a butter knife, and sharp enough to cut a soft-sided cooler's nylon straps. The State also introduced testimony that appellant could have used his pocketknife as a deadly weapon, especially if he had attacked complainant's eyes or throat. We agree. Further, the evidence shows appellant and Parks were close enough to one another that they could both hold onto the cooler and struggle for control over it, that appellant did not threaten the complainant with words or conduct, that appellant

caused no wounds to complainant, and that appellant caused no wounds to anyone with the pocketknife. Instead, appellant used the knife to cut the strap on the cooler.

This Court has previously held a defendant did not display a knife or use it in a manner that established an intent to cause death or serious bodily injury under comparable circumstances. *See Lockett v. State*, 874 S.W.2d 810, 813 (Tex. App.—Dallas 1994, pet. ref'd) (op. on reh'g) (defendant robbed complainant, used a knife to cut complainant's purse strap, and cut complainant's fingers in the process). There, we held that "the evidence must show some assertive conduct demonstrating an intent to inflict serious bodily injury or death" and observed (1) appellant made no verbal threats; (2) nothing indicated appellant slashed at complainant or brandished the knife to threaten complainant; and (3) the only evidence of appellant's intent was the complainant's testimony that he intended to rob her. *Id.* at 815–16. As a result, we held the surrounding circumstances did not support an inference that appellant intended to use the knife to inflict serious bodily injury or death and that no reasonable fact finder could have found beyond a reasonable doubt that appellant used or exhibited a deadly weapon as alleged in the indictment. *Id.* at 816.

Similarly, we conclude the State failed to present sufficient evidence that appellant intended a violent use of the pocketknife—one that would be at least capable of causing death or serious bodily injury. *See Flores v. State*, 620 S.W.3d 154, 160 (Tex. Crim. App. 2021) (although an officer testified that the drill at issue

"could theoretically be used to bludgeon someone, nothing in Appellant's words or actions would permit a jury to rationally infer that he had any intention of using the drill in that manner."). Specifically, there is no evidence appellant hurt anyone, threatened anyone, slashed at anyone, or brandished his pocketknife in a threatening manner towards anyone. *See Lockett*, 874 S.W.2d at 813. Instead, appellant kept the knife close to himself, cut the strap on a cooler so that Parks could no longer hold onto it, and, simply said: (1) "Just let me go"; (2) "Let me have it"; and (3) "Come on, Dewayne."

Further, the only evidence of appellant's alleged intent is Parks' uncorroborated testimony. *Lockett*, 874 S.W.2d at 816. Parks followed appellant out of the store and into the field. There, as the two were "tuggling" over the bag, Parks warned appellant "Don't do it" as he reached in his pocket and pulled out a knife, and then once the knife was out, it was Parks who said, "Dude, I'll fuck you up." Parks said he "thought [appellant] was gonna cut me or something. I didn't know . . . . I didn't know what he was gonna do." He agreed with the prosecutor's leading question, "you were fearful that [appellant] was gonna cut you," responding, "Yes, when I seen that he had a weapon." Parks said appellant "just wanted to – me to leave him alone." Parks further tried to explain on recross: "Well, I'm assuming when he pulled the knife out, that was threatening. I don't pull knives out on people. So I saw that as threatening, but other than that, yeah."

Parks recounted: "he said, 'Come on, Dewayne' as he was cutting the strap" and explained that appellant kept the knife close to himself while he was "cutting me away from it basically so he can take possession of it." Parks concluded, explaining that he heard his manager calling him back, and stating "I was in danger. So I just backed away from him." Parks said appellant "did not swing the knife," never pointed it at him "in any way, no," and that Parks backed away once appellant cut the strap. Appellant never pursued Parks.

Even when viewed in the light most favorable to the verdict, nothing in the States' evidence sufficiently supports either a direct or inferential conclusion that "the manner of [appellant's] use or intended use" of the pocketknife made it capable of causing death or serious bodily injury. *See Blain v. State*, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983) (evidence insufficient to support a deadly weapon finding where appellant displayed "something like a kitchen knife" that was about six inches long during a robbery, the complainant was afraid appellant was going to stab her, and appellant did not attempt to stab the complainant); *Flores*, 620 S.W.3d at 160 (where appellant "neither threatened nor took any action to hurt anyone with the drill."). Further, nothing in appellant's words or actions would permit a jury to rationally infer that he had any intention of using the pocketknife to inflict death or serious bodily injury. Given the absence of evidence rationally supporting the jury's finding that appellant's use or intended use of the pocketknife to cut the cooler's straps could cause death, serious permanent disfigurement, or protracted loss or

impairment of the function of any bodily member or organ, we conclude the evidence is legally insufficient to support the aggravating element of appellant's conviction. *See* TEX. PENAL CODE § 1.07(a)(46); *Blain*, 647 S.W.2d at 294. Thus, we sustain appellant's sole point on appeal.

Under the circumstances, we conclude outright acquittal is improper because other than the aggravating element, the State has proved the essential elements of robbery beyond a reasonable doubt. *See Flores*, 620 S.W.3d at 161; TEX. PENAL CODE § 29.02(a)(2), (b). Appellant does not contend otherwise. Accordingly, we reform the judgment to a conviction for the second-degree felony offense of robbery, reverse appellant's life sentence, affirm the trial court's judgment as modified, and remand for further proceedings consistent with this opinion, including re-sentencing.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230571F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MICHAEL DONELL GLOVER,
Appellant

No. 05-23-00571-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th Judicial
District Court, Kaufman County,
Texas
Trial Court Cause No. 22-50009-86-
F.
Opinion delivered by Justice Carlyle.
Justices Partida-Kipness and Reichek
participating.

Based on the Court's opinion of this date, we **REVERSE** the trial court's judgment convicting appellant of aggravated robbery, **VACATE** appellant's sentence, **MODIFY** the judgment to convict appellant of second-degree robbery, and **REMAND** this cause for further proceedings consistent with this Court's opinion, including re-sentencing.

Judgment entered May 30, 2024